**Eric David MELBY, petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

**No. C1–84–601.**

Court of Appeals of Minnesota.

Sept. 25, 1984.

H. Richard Hopper, O'Connell & Hopper, Hastings, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Considered and decided by HUSPENI, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

### OPINION

RANDALL, Judge.

Eric David Melby was arrested on a charge of violating Minn.Stat. § 169.121 (1982), the DWI statute, and, after a breath test disclosed an alcohol concentration of .11, his driver's license was revoked under authority of Minn.Stat. § 169.123 (1982), the implied consent statute. Upon his petition for judicial review of his license revocation, the revocation was rescinded, and the Commissioner of Public Safety appealed. We affirm.

### FACTS

Early in the morning on January 1, 1983, police officers received a report that two snowmobiles were running through yards and creating a disturbance near 140th Street and Galaxie Avenue in Apple Valley. Two squad cars spotted the two snowmobiles; in response to the flashing lights of one of the squad cars, the second snowmobile stopped. The lead snowmobile, however, accelerated and continued northbound on the right hand embankment, parallel to Galaxie Avenue, with the other squad car in pursuit. When the snowmobile did not stop, the officer turned on the siren. After the siren was activated, the snowmobile left the road, cut through several yards, and disappeared in the vicinity of 137th Street.

The police officer had been able to get a good look at the snowmobile and to get the

registration number off the side. He saw the driver, but that person was wearing a black snowmobile suit, helmet and face mask and could not be identified at that time. A registration check revealed the machine was registered to an Eric Melby. The driver of the other snowmobile verified that his companion was Eric Melby. Shortly after the officer who had been chasing Melby had rejoined the other officer, they received word that Melby was at the home of the original complainant at 140th and Galaxie. Melby was arrested there and charged with fleeing a police officer, operating a snowmobile after hours, and failure to stop after being signalled to do so. After a breath test had disclosed an alcohol concentration of .11, a DWI charge was added. Melby admitted he had consumed approximately eight beers and five shots of peppermint schnapps. He had a partially empty bottle of peppermint schnapps on his person when arrested.

At the hearing on Melby's license revocation, the parties stipulated that Melby had not been operating his snowmobile on a public roadway.

## ISSUE

Does the Implied Consent Statute apply to drivers of snowmobiles operating on private property?

## ANALYSIS

Minn.Stat. § 169.123, Subd. 2 (1982) provides that

> [A]ny person who drives, operates, or is in physical control of a motor vehicle within this state consents ... to a chemical test of his blood, breath, or urine for the purpose of determining the presence of alcohol or a controlled substance.

"Motor vehicle" is defined in Minn.Stat. § 169.01, Subd. 3 (1982) as "every vehicle which is self-propelled ... Motor vehicle does not include a vehicle moved solely by human power." "Vehicle" is defined in subd. 2 of that statute as "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway..." This definition of "motor vehicle" is sufficiently broad to encompass snowmobiles, since a snowmobile is a self-propelled vehicle by which a person may be transported on a highway. The legislature, in Chapter 84 of the Minnesota Statutes, however, has provided that "[a]ll provisions of Chapter 169 shall apply to the operation of snowmobiles *upon streets and highways* * * * " Minn.Stat. § 84.87, subd. 1(e) (1982) (emphasis added). Since the expression of one thing is the exclusion of another, the legislature's failure to include snowmobiles operated on private property in Minn.Stat. § 84.87, subd. 1(e) means the implied consent law applies to snowmobiles operated upon public streets and highways only. Minn.Stat. § 645.19 (1983).

When a snowmobile is operated on private property, the provisions of Chapter 169, including the implied consent statute, are inapplicable, and the operator is governed only by the provisions of Chapter 84. Had the legislature intended the provisions of Chapter 169 to apply to snowmobiles operated off the road, there would have been no need to make Chapter 169 specifically applicable to snowmobiles on streets and highways; nor would it have been necessary to enact a provision in Chapter 84 making it unlawful for any person to operate a snowmobile at an unreasonable speed, in a careless or reckless manner, or while under the influence of drugs or alcohol. Minn.Stat. § 84.87, subd. 2 (1982).

We recognize that the danger to the public posed by an intoxicated snowmobile operator does not disappear when the snowmobile leaves the public roadway. To extend the application of the implied consent statute to a snowmobile operator driving on private property, however, is the province of the legislature, not the courts.

## DECISION

The implied consent statute does not apply to off-road snowmobile operators. The order of the trial court rescinding the revocation of Melby's driver's license is affirmed.