Eric David MELBY, Respondent,

v.

COMMISSIONER OF PUBLIC SAFETY, Petitioner, Appellant.

No. C1–84–601.

Supreme Court of Minnesota.

May 17, 1985.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Asst. Atty. Gen., St. Paul, for appellant.

Paul W. Rogosheske, So. St. Paul, for respondent.

KELLEY, Justice.

The Commissioner of Public Safety (Commissioner) revoked the driving privileges of the Respondent Melby under Minn.Stat. § 169.123 (1984), the Implied Consent Statute, for operating a snowmobile at a time when he had a blood alcohol concentration in excess of .10. The Dakota County Court rescinded the revocation by holding the snowmobile, at the time of the arrest, was not operated on a street or highway. On appeal, the Commissioner contended that the Implied Consent Statute applies to mo-

tor vehicles operated anywhere in the state. Alternatively, he contended that respondent operated the snowmobile on a street or highway. The Court of Appeals rejected the Commissioner's first contention, but affirmed the trial court's determination.[1]

While we concur with the Court of Appeals that the Commissioner's argument concerning the scope of Minn.Stat. § 169.123 (1984) is too broad given the facts and circumstances of this case, we reverse because the decision that respondent was not operating the snowmobile on a street or highway was clearly erroneous.

At 3:00 a.m. on January 1, 1984, Apple Valley police officers responded to a complaint that snowmobiles were running through yards and creating a disturbance near 140th Street and Galaxie Avenue in Apple Valley. The complainant lived in the first house east of Galaxie Avenue on the south side of 140th Street. On approaching the scene, the officers saw two snowmobiles coming out of complainant's yard, cross the intersection of Galaxie Avenue and 140th Street, and proceed north on Galaxie Avenue. Both police officers testified unequivocally that the snowmobiles were driving on the east ditch and bank alongside Galaxie Avenue over an area in the right of way that, except when covered with snow, was a paved bicycle path. After one of the officers activated his squad car's flashing lights, one snowmobile stopped. The other, operated by respondent, continued north on Galaxie Avenue, then left the road and cut through several yards. In the vicinity of 137th Street, the respondent cut towards the east to the vicinity of Finlay Avenue. Eventually the snowmobile returned to the complainant's house. In order to arrive there, the snowmobile had to have been operated at least twice on the roadway and several times on the right of way of the streets in that area. Melby was arrested at the complainant's house. A breath test disclosed an alcohol concentration of .11. Subsequently, the Commissioner revoked respondent's driving privileges.

At the hearing on respondent's license revocation in county court, the parties stipulated that respondent had not been operating his snowmobile on a *public roadway*.[2] The trial judge, apparently without consideration of the difference in the statutory definition of "roadway" and "street or highway," found that Melby did not operate the snowmobile on a street or highway, and further held that for the Implied Consent Statute to apply to an operator of a snowmobile, it must have been operated on a street or highway.

■ (1) We affirm the holding of both the trial court and the Court of Appeals that for Minn.Stat. § 169.123 (1984) to apply, the snowmobile must be operated on a street or highway. Both Minn.Stat. §§ 169.121 and 169.123 (1984) are remedial statutes to be broadly construed in favor of the public interest in removing inebriated drivers from our streets and highways. *See Heddan v. Dirkswager*, 336 N.W.2d 54 (Minn.1983); *State Department of Public Safety v. Juncewski*, 308 N.W.2d 316 (Minn.1981). No dispute exists that a snowmobile is a "device * * * upon, or by which any person * * * may be transported * * * upon a highway." Since it is self-propelled, it is both a "vehicle" under Minn.Stat. § 169.01, subd. 2. (1984), and a "motor vehicle" under Minn.Stat. § 169.01, subd. 3 (1984). Finally, application of Minn.Stat. § 169.123 is not restricted to conduct for which a driver's license is required, *Schaf-*

1. *Melby v. Commissioner of Public Safety*, 354 N.W.2d 902 (Minn.App.1984). Apparently the Court of Appeals assumed that the stipulation acceded to by the Commissioner was broad enough to encompass "street or highway."

2. In view of the undisputed facts that, indeed, Melby had operated the snowmobile on the roadway and in the public street on at least two occasions during the chase, it is difficult to understand the Commissioner's concession unless the Commissioner thought the concession to be meaningless in view of his broader contention that Minn.Stat. § 169.123 applied statewide on and off the highway, or alternatively that the facts clearly showed that respondent operated the snowmobile on Galaxie Avenue—a street or highway.

*er v. Commissioner of Public Safety,* 348 N.W.2d 365 (Minn.App.1984).

Respondent, however, contends that Chapter 169 should not be applicable to the operation of snowmobiles off the public streets or highways because the legislature has specifically enacted Minn.Stat. ch. 84 (1984) dealing with intoxicated snowmobile drivers. Minn.Stat. § 84.87, subd. 2(c) (1984) states:

It shall be unlawful for any person to drive or operate any snowmobile in the following unsafe or harassing ways:

\* \* \* \* \* \*

(c) While under the influence of an alcoholic beverage or a controlled substance.

\* \* \* \* \* \*

Respondent argues that chapter 84 restricts the application of chapter 169 in relation to snowmobile operation. In this regard, respondent points to Minn.Stat. § 84.87, subd. 1(e), which states:

All provisions of chapter 169 shall apply to the operation of snowmobiles *upon streets and highways,* except for those relating to required equipment, and except those which by their nature have no application.

Minn.Stat. § 84.87, subd. 1(e) (1984) (emphasis added).

In short, respondent contends that Minn. Stat. § 169 is inapplicable to snowmobile operation unless the operation is on a street or highway. The Court of Appeals agreed. *Commissioner v. Melby,* 354 N.W.2d at 903. Such an interpretation gives effect to the provisions of both Minn. Stat. ch. 84 and Minn.Stat. ch. 169, *see* Minn.Stat. § 645.16 (1984), and places greater emphasis and weight on the more specific of the two statutory provisions. We, therefore, concur in this construction. *See* Minn.Stat. § 645.26 (1984). Thus, unless Melby was, in fact, driving his snowmobile on a "street or highway," the trial

court's order rescinding the Commissioner's license revocation should be sustained.

■ (2) The trial court found, and the Court of Appeals affirmed, that Melby "did not operate his snowmobile on any public street or highway." Given this finding, both courts held Minn.Stat. §§ 169.121 and 169.123, and, specifically, the Implied Consent Statute, were inapplicable to this case. Both courts relied on the state's stipulation. Such reliance in our view, however, was misplaced. The stipulation was that Melby had not been operating his snowmobile on a public *roadway.*

Minn.Stat. § 169.01 provides definitions of words found within chapter 169. Subdivision 29 defines "street or highway" as: "[T]he entire width between boundary lines of any way or place when any part thereof is open to the use of the public, as a matter of right, for the purposes of vehicular traffic." Minn.Stat. § 169.01, subd. 29 (1984). Subdivision 31 states in pertinent part that the word "roadway" means: "[T]hat portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the sidewalk or shoulder even though such sidewalk or shoulder is used by persons riding bicycles or other human powered vehicles." Minn.Stat. § 169.01, subd. 31 (1984). It is obvious that the "roadway" definition is more restrictive in scope than the "street or highway" definition. "Street or highway" refers to the entire right of way, while "roadway" refers to the improved portion of the road only.

The trial court's finding that Melby did not operate his snowmobile on a "street or highway" was, therefore, clearly erroneous.[3] The undisputed facts reveal operation of the snowmobile in a "street or highway." Melby operated the snowmobile traveling northbound on the right-hand embankment on Galaxie Avenue over a snow-covered bicycle path in the right of way. Notwithstanding the stipulation, it appears

---

**3.** Findings of Fact shall not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. *See also Preferred Risk Mutual Insurance Co. v. Anderson,* 277 Minn. 342, 152 N.W.2d 476 (1967);

*Northern States Power v. Lyon Food Products, Inc.,* 304 Minn. 196, 201, 229 N.W.2d 521, 524 (1975).

indisputably clear from the evidence that he must have driven through at least two intersections in order to make a full circle from the south side of 140th Street to 137th Street to Finlay Avenue and then back to the south side of 140th Street. While the stipulation precludes this court from relying on that obvious fact, nevertheless, the uncontradicted evidence clearly shows the snowmobile was operated in the street or highway.

Accordingly, we reverse.