**Joseph Benjamin KEMMER, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C1–87–1861.**

Court of Appeals of Minnesota.

Feb. 9, 1988.

Thomas T. Smith, Bemidji, for Joseph Benjamin Kemmer, petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., Jeanne J. Graham, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by HUSPENI, P.J., and SCHUMACHER and FLEMING,[*] JJ.

## OPINION

SCHUMACHER, Judge.

On April 18, 1987, officers were called to the scene of an all-terrain vehicle (ATV) accident north of Bemidji. The area in which the accident occurred was described by the officers as an abandoned highway which was not open to motor vehicles. Troopers Gunsalus and Florhaug arrived first and Sergeant Bergstrom arrived a short time later. Florhaug brought the injured passenger to the hospital. Gunsalus learned that another injured person, appellant, had been transported to the hospital prior to the officers' arrival.

Gunsalus went to the hospital, concluded appellant was under the influence, and invoked the implied consent law. Appellant agreed to take a blood test. Florhaug obtained a blood test kit and was outside the room in which the sample was drawn, but did not take the sample with him. Instead, Bergstrom, who had left the hospital to attend to another call, returned at about 9:00 p.m. and took the sample, labeled with appellant's name, from the technician who drew it. The technician did not testify at the hearing, and the "Medical Personnel Certificate" did not contain the time the sample was withdrawn, the date, or the signature of the peace officer who requested and received the blood sample. An analysis revealed an alcohol concentration of .16.

The trial court determined that appellant was subject to Minn.Stat. § 169.123 and that the chain of custody was sufficiently established. Appellant brings this appeal from the trial court's order.

## ISSUE

Was the implied consent law, Minn.Stat. § 169.123, applicable to appellant when he was operating an all-terrain vehicle on an abandoned highway while under the influence?

## ANALYSIS

Minn.Stat. § 84.928, subd. 1(f) (1986) provides:

Chapter 169 applies to the operation of all-terrain vehicles *upon streets and highways*, except for those provisions relating to required equipment and except those provisions which by their nature have no application (emphasis added).

A very similar provision applicable to snowmobiles was analyzed in *Melby v. Commissioner of Public Safety*, 367 N.W. 2d 527 (Minn.1985). The driver there contended that chapter 169 should not be applicable to the operation of snowmobiles off public streets or highways, because the legislature specifically enacted chapter 84 to deal with intoxicated snowmobilers, and that chapter 84 restricts the applicability of chapter 169 in relation to snowmobile operation. *Id.* at 529.

The supreme court held:

In short, respondent contends that Minn.Stat. § 169 is inapplicable to snowmobile operation unless the operation is on a street or highway. * * * Such an interpretation gives effect to the provisions of both Minn.Stat. ch. 84 and Minn. Stat. ch. 169, *see* Minn.Stat. § 645.16 (1984), and places greater emphasis and weight on the more specific of the two statutory provisions. We, therefore, concur in this construction. *See* Minn.Stat. § 645.26 (1984). Thus, unless Melby was, in fact, driving his snowmobile on a "street or highway," the trial court's or-

---

[*] Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

der rescinding the Commissioner's license revocation should be sustained.

*Id.*

█ The Commissioner argues that because Minn.Stat. § 84.928, subd. 3 specifically provided that criminal penalties pursuant to Minn.Stat. § 169.121 applied to operating an all-terrain vehicle while under the influence, and because Minn.Stat. § 169.123 comes into effect, in part, when there is a violation of Minn.Stat. § 169.121, that Minn.Stat. § 169.123 applies here. We disagree, and find the supreme court's analysis in *Melby* applicable. The implied consent law, Minn.Stat. § 169.123 (1986), cannot be used to revoke appellant's driver's license unless he operated the ATV on a street or highway.

In *Melby,* the supreme court directly addressed the issue of whether the petitioner had been operating his snowmobile on a street or highway. In answering this question, it turned to the statutory definition of streets or highways. *Melby,* 367 N.W.2d at 529.

"Street or highway" is defined as follows:

> the entire width between boundary lines of any way or place when any part thereof is open to the use of the public, as a matter of right, for the purposes of vehicular traffic.

Minn.Stat. § 169.01, subd. 29 (1986).

█ It is undisputed that the accident occurred on an abandoned highway which was not open to motor vehicles. There is no evidence in the record indicating the ATV was operated on a street or highway open to the use of the public for the purposes of vehicular traffic. Consequently, this case is on point with *Melby* and the implied consent law does not apply. The revocation of appellant's driver's license is therefore rescinded.

In view of our decision, it is not necessary to address the chain of custody issue.

Reversed.