**In the Matter of the WELFARE OF R.M.J., II.**

**No. C8–88–2077.**

Court of Appeals of Minnesota.

April 11, 1989.

John H. Bradshaw, III, Eden Valley, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., J. Michael Richardson, Asst. County Atty., Mark V. Griffin, Minneapolis, for respondent.

Heard, considered and decided by LANSING, P.J., and FOLEY and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant was operating a snowmobile on a state recreational trail that prohibited snowmobiles. Appellant's snowmobile struck and injured a woman walking on the trail. A delinquency petition was filed against appellant under which he was adjudicated of violating Count I: Hit and Run as a felony, Minn.Stat. § 169.09. We reverse.

## FACTS

On December 26, 1987, Patti Weber and her husband Neil were walking on the recreational Luce Line Trail (Trail) in Orono, Minnesota, when Patti was struck by a snowmobile resulting in two fractures of her hip. There were three snowmobiles on the trail at the time and Patti was standing on the trail when she was struck. Appellant who was the driver of the snowmobile in question was later apprehended and was subsequently charged by petition in Hennepin County Juvenile Court with five offenses: Count I: Hit and Run as a felony, Minn.Stat. § 169.09, subds. 1, 3, 6, 14(a)(3); Count II: Snowmobile Operation, Improper Speed, as a misdemeanor, Minn.Stat. § 84.87, subd. 2(a) and Minn.Stat. § 84.88, subd. 1; Count III: Snowmobile Operation, Careless Driving, as a misdemeanor, Minn. Stat. § 84.87, subd. 2(b) and Minn.Stat. § 84.88, subd. 1; Count IV: Prohibited Recreational Motor Vehicle Operation, as a misdemeanor, Orono Ordinance Section 7.30, subd. 2A, C, and Section 7.99; Count V: Prohibited Recreational Motor Vehicle Operation, as a misdemeanor, Orono Ordinance Section 7.30, subd. 2F and Section 7.99.

The juvenile court found that Counts I and IV were proven. Counts II and III were not proven and Count V was dismissed by the petitioner.

## ISSUE

Does Minn.Stat. § 169.09 apply to snowmobiles not used on a street or highway?

## ANALYSIS

Appellant was found guilty of violating Minn.Stat. § 169.09 which reads in pertinent part:

Subdivision 1. Driver to stop. The driver of any vehicle involved in an accident resulting in immediately demonstrable bodily injury to or death of any person shall immediately stop the vehicle at the scene of the accident, or as close to the scene as possible, but shall then return to and in every event, shall remain at, the scene of the accident until the driver has fulfilled the requirements of this chapter as to the giving of information.
Subdivision 14. Penalties. (a) The driver of any vehicle who violates subdivision 1 or 6 and who caused the accident is punishable as follows:

(3) if the accident results in substantial bodily harm to any person, * * * the driver is guilty of a felony and may be sentenced to imprisonment for not more than three years, or to payment of a fine of not more than $5,000, or both.

Minn.Stat. § 169.09 subd. 1, subd. 14(a)(3) (1988).

Appellant contends that because he did not operate his snowmobile on a street or highway at the time he collided with Patti, section 169.09 does not apply. Appellant bases his argument on Minn.Stat. § 84.87. Section 84.87 reads as follows:

All provisions of chapter 169 shall apply to the operation of snowmobiles *upon streets and highways,* except for those relating to required equipment, and except those which by their nature have no application.

Minn.Stat. § 84.87, subd. 1(e) (1988) (emphasis added).

Streets and highways are defined by chapter 169 as:

[T]he entire width between boundary lines of any way or place when any part thereof is open to the use of the public, as a matter of right, for the purposes of vehicular traffic.

Minn.Stat. § 169.01, subd. 29 (1988). In the present case, the trial court found the Luce Line Trail, was a walking path, not a street or highway.

Appellant argues that section 84.87 should be read as requiring application of chapter 169 only to those snowmobiles on streets or highways. This interpretation is supported by *Melby v. Commissioner of Public Safety,* 367 N.W.2d 527 (Minn.1985). In that case, the state attempted to prosecute defendant snowmobile driver under the implied consent statute, Minn.Stat. § 169.123. The legal issue in that case was whether section 169.123 or the DWI provision contained in chapter 84 applied to defendant.

The court held that "for Minn.Stat. § 169.123 (1984) to apply, the snowmobile must be operated on a street or highway." *Melby,* 367 N.W.2d at 528. The court reasoned as follows:

In short, respondent contends that Minn. Stat. § 169 is inapplicable to snowmobile operation unless the operation is on a street or highway. The Court of Appeals agreed. * * * Such an interpretation gives effect to the provisions of both Minn.Stat. ch. 84 and Minn.Stat. ch. 169, *see* Minn.Stat. § 645.16 (1984) and places greater emphasis and weight on the more specific of the two statutory provisions.

*Melby,* 367 N.W.2d at 529 (emphasis added).

This court applied *Melby* in *Pahl v. Commissioner of Public Safety,* 398 N.W.2d 67 (Minn.Ct.App.1986). In *Pahl,* the defendant was operating his snowmobile on Mille Lacs Lake and was subsequently charged with violating Minn.Stat. § 169.123 as was the defendant in *Melby.* This court held that "chapter 169 applies only to snowmobiles operated on streets or highways."

*Pahl,* 398 N.W.2d at 72. This court reasoned that:

> If this court found that the operation of snowmobiles "any place within the State" subjects a driver to the implied consent law, the emphasized provision [Chapter 169 applies to snowmobiles operated on streets or highways] in § 84.87 would be meaningless.

*Pahl,* 398 N.W.2d at 72.

## DECISION

Section 169.09 applies only to snowmobiles operated on a street or highway.

REVERSED.