STATE of Iowa, Plaintiff-Appellee,

v.

Douglas Dean GOBELI,
Defendant-Appellant.

No. 69594.

Court of Appeals of Iowa.

Oct. 25, 1983.

R. Michael Sweesy, Mason City, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Lona Hansen, Asst. Atty. Gen., for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL, HAYDEN, and SACKETT, JJ.

HAYDEN, Judge.

Defendant appeals from his conviction under Iowa Code section 321.561 (1981) of operating a motor vehicle while his license was suspended as a habitual violator. We reverse.

■ It was stipulated at trial that defendant operated a snowmobile along the shoulder of a city street and crossed a highway while his driver's license was suspended under section 321.560. The only issue presented on appeal is whether a snowmobile is a motor vehicle under section 321.561. Our scope of review is on assigned error. *State v. Cullison,* 227 N.W.2d 121, 126–27 (Iowa 1975).

■ The definition of "motor vehicle" in section 321.1(2) includes "every vehicle which is self-propelled" except trackless trolleys. We agree with the State's posi-

tion that this definition is broad enough to include snowmobiles. Furthermore, we agree that ordinarily this definition would control the outcome of this case. However, the legislature has enacted a special chapter of the Code regulating the operation of snowmobiles. Defendant argues that chapter 321G exclusively regulates snowmobiles and removes them from chapter 321. We agree.

■ In construing statutes our aim is to ascertain the intention of the legislature. Iowa R.App.P. 14(f)(13). We are aided by principles of statutory construction. One such canon of construction is that related statutes are read *in pari materia* and the provisions of a specific statute control over those of a general statute. *Berger v. General United Group, Inc.,* 268 N.W.2d 630, 638 (Iowa 1978).

■ Iowa Code chapter 321 is a general statute regulating all motor vehicles. It could be construed to include snowmobiles. However, the legislature enacted a specific statute, chapter 321G, to regulate snowmobiles. Under section 321G.3 snowmobiles have registration requirements different from those under section 321.18. Similarly, the licensing provision of section 321.174 does not apply to snowmobiles which can be driven by younger persons than can motor vehicles regulated by chapter 321. *See* Iowa Code §§ 321.177, 321G.20, 321G.9(6). Since under section 321.18 "every motor vehicle" is subject to its registration requirements, and snowmobiles are not registered under that section, there is clear indication that snowmobiles are not intended to be included under the term "motor vehicle" in chapter 321, despite the broad definition given that term.

■ Furthermore, the definition of "snowmobile" in section 321G.1(2) includes "any self-propelled vehicle ... except any vehicle registered as a motor vehicle under chapter 321." If we hold that snowmobiles are motor vehicles under chapter 321, then they are by definition no longer snowmobiles under chapter 321G. Another principle of statutory construction is that we

avoid interpretations that produce strained, impractical, or absurd results. *Iowa Beef Processors, Inc. v. Miller,* 312 N.W.2d 530, 532 (Iowa 1981).

Finally, defendant was convicted of driving a snowmobile at a time when his driver's license was revoked under the habitual violator provisions of chapter 321. However, no chapter 321 license is required under chapter 321G to operate snowmobiles. We are unwilling to say that a person can be convicted for driving without a license when a license is not required for operation of the vehicle. If the legislature intended this result, the statute is not clear enough to give notice of what conduct is prohibited. It is perfectly reasonable for a person to believe that, since he needs no license to operate snowmobiles, he can continue to drive them after he has been found to be a habitual violator.

REVERSED.