MONTGOMERY v DEPARTMENT OF NATURAL RESOURCES

Docket No. 102480. Submitted May 4, 1988, at Marquette. Decided November 7, 1988.

Brian Montgomery suffered severe injuries when the snowmobile he was operating collided with a motor vehicle at the intersection of a snowmobile trail and Powell Mill Road in Iron County. The snowmobile trail at that point ran along a railroad right-of-way owned by the Chicago & Northwestern Transportation Company. Although the Transportation Company owned the right-of-way, the Iron Range Snowmobile Association, a private snowmobile club, received state funds from the Department of Natural Resources to maintain the snowmobile trail. At the time of the accident, the snowmobile trail was not ready for public use, there being no warning signs posted along the trail. Montgomery, who was unfamiliar with the trail, was not aware of the intersection until it was too late to avoid the collision. Brian and Jill Montgomery filed suit against the Department of Natural Resources and the Department of Transportation in the Court of Claims alleging inter alia that the DNR negligently and carelessly failed to place warning signs and stop signs along the snowmobile trail and at the intersection where the accident occurred, that the trail was negligently and carelessly designed, causing snow banks to accumulate, and that the DNR failed to plow the snow properly. The DNR moved for summary disposition on the basis of governmental immunity and the recreational use act. The court, John D. Payant, J., granted the motion. Plaintiffs appealed.

The Court of Appeals held:

1. The recreational use act is applicable to this case. Under the provisions of that act, a landowner is not liable for injuries

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges § 1.

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 5 et seq.

Am Jur 2d, Negligence §§ 99, 101 et seq.

Effect of statute limiting landowner's liability for personal injury to recreational user. 47 ALR4th 262.

See the Index to Annotations under Highways and Streets; Intentional, Wilful, and Wanton Acts; Negligence.

to a person using his land for outdoor recreation unless that person has paid a valuable consideration or unless the injuries were caused by the landowner's gross negligence or wilful and wanton misconduct. It cannot be said that the DNR was grossly negligent or engaged in wilful and wanton misconduct. Summary disposition was properly granted on the basis of the recreational use statute.

2. The snowmobile trail was not a "public highway" within the meaning of the public highway exception to the governmental immunity statute. Because the snowmobile trail does not come within the public highway exception to governmental immunity and because the DNR's snowmobile grant program meets the definition of a governmental function, the trial court properly granted summary disposition on the basis of governmental immunity.

Affirmed.

1. NEGLIGENCE — GROSS NEGLIGENCE.

The concept of gross negligence must be confined to subsequent negligence, i.e., where one party, who knows or, by the exercise of ordinary care, should know of the precedent negligence of another party, injures that other party by his subsequent negligence.

2. NEGLIGENCE — WILFUL AND WANTON MISCONDUCT.

Wilful and wanton misconduct arises from (1) knowledge that a situation requires the exercise of ordinary care and diligence to avert another's injury, (2) a defendant's ability to avoid the injury by exercising such care and diligence, and (3) intent to harm or indifference to harm tantamount to a willingness that it occur; the first and second elements amount to no more than ordinary negligence; it is the third element which raises the act to the level of wilful and wanton misconduct.

3. GOVERNMENTAL IMMUNITY — PUBLIC HIGHWAY EXCEPTION — SNOWMOBILE TRAILS.

A snowmobile trail is not a "public highway" within the meaning of the public highway exception to governmental immunity (MCL 691.1402; MSA 3.996[102]).

*Fisher & Omdahl* (by *Torger G. Omdahl*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *A. Michael Leffler*

and *Theodore E. Hughes,* Assistant Attorneys General, for defendant.

Before: BEASLEY, P.J., and SAWYER and WEAVER, JJ.

WEAVER, J. Plaintiffs appeal as of right from an order of the Court of Claims granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(7) and (10). We affirm.

I

On December 29, 1983, plaintiff Brian Montgomery was injured when plaintiffs' snowmobile struck an automobile at the intersection of a snowmobile trail and Powell Mill Road in Iron County. Plaintiffs had been operating their snowmobile on a trail running along an abandoned grade on a railroad right-of-way owned by the Chicago & Northwestern Transportation Company and maintained by the Iron Range Snowmobile Association, a private snowmobile club.

Following plaintiffs' initiation of this suit in the Court of Claims, the Department of Natural Resources moved for summary disposition alleging the defenses of governmental immunity, MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.*, and the recreational use act, MCL 300.201; MSA 13.1485. The Court of Claims at first denied the motion as well as defendant's motion for reconsideration. However, after joining this suit with other pending actions involving the same accident, the court granted defendant's motion for summary disposition upon its renewed request.

II

On appeal to this Court, plaintiffs argue that

summary disposition was improperly granted because the recreational use act, MCL 300.201; MSA 13.1485, is inapplicable under the facts of this case. We disagree.

The recreational use act provides that a landowner is not liable for injuries to a person using his land for outdoor recreation unless that person has paid a valuable consideration or the injuries were caused by the landowner's gross negligence or wilful and wanton misconduct. MCL 300.201; MSA 13.1485. The recreational use act has been applied to government-owned land. *McNeal v Dep't of Natural Resources,* 140 Mich App 625, 630-631; 364 NW2d 768 (1985).

Here, it cannot be said that defendant was grossly negligent, since plaintiffs have not demonstrated that defendant was negligent subsequent to plaintiffs' own acts of negligence. *Burnett v City of Adrian,* 414 Mich 448, 461; 326 NW2d 810 (1982) (MOODY, J., concurring).

Nor can it be said that defendant engaged in wilful and wanton misconduct. Wilful and wanton misconduct arises from: (1) knowledge that a situation requires the exercise of ordinary care and diligence to avert another's injury; (2) a defendant's ability to avoid the injury by exercising such care and diligence; and (3) intent to harm or indifference to harm tantamount to a willingness that it occur. *Id.* at 455-456 and n 2 (opinion of the Court). The first and second elements amount to no more than ordinary negligence. It is the third element which raises the act to the level of wilful and wanton misconduct. *Id.*

In this case, plaintiffs' allegations are merely those of ordinary negligence and do not demonstrate that defendant's actions rose to the level of wilful and wanton misconduct. Plaintiffs' com-

plaint alleged that defendant negligently and carelessly failed to place warning signs and stop signs along the snowmobile trail and at the intersection where the accident occurred; that the trail was negligently and carelessly designed, causing snow banks to acccumulate; and that defendant failed to plow the snow properly. We agree with the Court of Claims that these allegations, while falling within the ambit of ordinary negligence, do not rise to the standard imposed for wilful and wanton misconduct.

### III

Plaintiffs also contend that the snowmobile was a "motor vehicle" and the snowmobile trail a "public highway" within the meaning of the public highway exception to the governmental immunity statute, MCL 691.1402; MSA 3.996(102).

We agree that a snowmobile may be defined as a motor vehicle because it is not propelled by human power. See MCL 257.79; MSA 9.1879. See also MCL 257.4; MSA 9.1804; *Roy v Dep't of Transportation,* 428 Mich 330, 340; 408 NW2d 783 (1987). However, we do not believe that the Legislature intended a snowmobile trail to be considered a "public highway" within the meaning of the public highway exception to governmental immunity.

Except for certain limited and carefully defined circumstances,[1] we note that the Michigan Vehicle

---

[1] These circumstances include: (1) travel to the extreme right in single file; (2) necessity of crossing a bridge or culvert after stopping and yielding the right of way; (3) necessity of getting from one area to another, but only if the snowmobile crosses at right angles to the highway after stopping and yielding the right of way; (4) travel on a county road not normally snowplowed for vehicular traffic; (5) in emergency under authority of a local law enforcement officer; (6) government-approved prearranged special events of limited duration; (7) local ordinance allowing snowmobile egress and ingress. MCL 257.1512(a) through (h); MSA 9.3200(12)(a) through (h).

Code specifically proscribes the operation of a snowmobile on a public highway, land used as an airport or street, or on a public or private parking lot. MCL 257.1512; MSA 9.3200(12). Therefore we conclude that the snowmobile trail was not a "public highway" within the meaning of the exception to governmental immunity, MCL 691.1402; MSA 3.996(102).

Because defendant's snowmobile grant program, mandated by MCL 257.1504; MSA 9.3200(4), meets the definition of a governmental function under *Ross v Consumers Power Co (On Reh)*, 420 Mich 567, 620; 363 NW2d 641 (1984), the lower court properly granted summary disposition on the basis of governmental immunity.

Our finding that the Court of Claims was correct in granting summary disposition to defendant on the basis of the recreational use statute, and our finding that plaintiffs' claim is also barred by the defense of governmental immunity, obviates the need to address the remaining issues.

Affirmed.