PEOPLE v ROGERS

Docket No. 88086. Argued April 3, 1991 (Calendar No. 5). Decided
September 19, 1991.

James A. Rogers was charged under the Michigan Vehicle Code
in the Cheboygan District Court with operating a snowmobile
along the shoulder of a highway while intoxicated, second
offense. The court, Harold A. Johnson, J., dismissed the charge.
The Cheboygan Circuit Court, Robert C. Livo, J., affirmed. The
Court of Appeals, MAHER, P.J., and D. E. HOLBROOK, JR., and
SAWYER, JJ., reversed in an unpublished opinion per curiam,
holding that a person who is intoxicated or has an impermissi-
ble blood-alcohol content while operating a snowmobile upon a
highway or other place open to the general public may be
prosecuted under the Michigan Vehicle Code as an OUIL of-
fender (Docket No. 112578). The defendant appeals.

In opinions by Justice MALLETT, joined by Justice BOYLE, and
by Justice BRICKLEY, joined by Justice GRIFFIN, the Supreme
Court held:

The OUIL provisions of the Motor Vehicle Code may be
applied to a person who operates a snowmobile on a public
highway while under the influence of intoxicants.

Justice MALLETT, joined by Justice BOYLE, further stated:

The general provisions of the Michigan Vehicle Code contem-
plate all vehicles, including those for which no license is
required, that are operated on a highway; the specific and
narrowly tailored terms of the OUIL provisions apply to persons
who operate snowmobiles on public highways while under the
influence of intoxicants.

Under the Vehicle Code, the term "vehicle" includes every
device which transports or draws people or property upon a
highway, except those exclusively moved by human power,
those moved on stationary rails, and mobile homes. MCL
257.625; MSA 9.2325 proscribes operating a vehicle on a high-

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 299.

Snowmobile operation as DWI or DUI. 56 ALR4th 1092.

What is a "motor vehicle" within statutes making it an offense to
drive while intoxicated. 66 ALR2d 1146.

way or other place open to the public while intoxicated. A snowmobile is a vehicle that, while generally prohibited from operation on a highway, may do so under limited circumstances. Accordingly, in this case, the defendant's snowmobile is a vehicle to which the terms of the OUIL statute literally apply.

The OUIL statute is not more general than the snowmobile act, or separate and distinct from the Motor Vehicle Code. The OUIL provision proscribes operation of any vehicle upon a highway while intoxicated. Because snowmobiles may be operated on highways under limited circumstances, the snowmobile act proscribes operation of a snowmobile on a highway while intoxicated. The Vehicle Code and the snowmobile act overlap, and each shares a common application to snowmobiles when operated on highways; each may be read in pari materia. Where there are two applicable statutes, the prosecutor, as the chief law enforcement officer, has the right to exercise broad discretion in determining under which of the statutes to prosecute.

The fact that no license is required to operate a snowmobile does not make it any less a motor vehicle. Nor does it remove snowmobiles from all other applicable provisions of the Vehicle Code. The OUIL statute and its penalties are applicable to the defendant.

Justice BRICKLEY, joined by Justice GRIFFIN, further stated:

The purposes of both the Motor Vehicle Code's OUIL provisions and the snowmobile act are promoted by permitting an intoxicated person who operates a snowmobile on a highway to be charged under the OUIL provisions.

A snowmobile, under both the Motor Vehicle Code and the snowmobile act, is a vehicle to which certain provisions of the Vehicle Code may be applied, including its OUIL provisions, when it is driven on a highway. The statutes may be read in pari materia to provide that while the snowmobile statute regulates the operation of a snowmobile while intoxicated when it is both on and off a highway, the Vehicle Code's OUIL provisions supplement those regulations when snowmobiles are driven on a highway.

Affirmed.

Justice RILEY, joined by Chief Justice CAVANAGH and Justice LEVIN, dissenting, stated that the definition of a vehicle, § 1(e) of the snowmobile act, MCL 257.1501(e); MSA 9.3200(1)(e), raises serious questions concerning the application of § 625 of the Motor Vehicle Code to snowmobile operators.

Encompassed within the span of sections of the Motor Vehi-

cle Code set out in § 1(e) of the snowmobile act is § 625, the provision pertaining to driving while intoxicated. While § 1(e) casts doubt on the application of § 625, the fact that the Legislature provided penalties for driving under the influence of intoxicating liquor in the snowmobile act is persuasive evidence that it does not apply. Both statutes address driving while intoxicated, but § 15(b) of the snowmobile act is more specific than § 625. Assuming a snowmobile is a vehicle under § 625, the provisions conflict and the more specific § 15(b) controls. Provisions of the criminal procedure act and the Revised Judicature Act additionally support operation of the provisions of the snowmobile act independent of § 625.

INTOXICATING LIQUORS — SNOWMOBILES — MOTOR VEHICLE CODE — PENALTIES.

The OUIL provisions of the Vehicle Code may be applied to persons who operate snowmobiles on the public highways while under the influence of intoxicants (MCL 257.625; MSA 9.2325).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Joseph P. Kwiatkowski,* Prosecuting Attorney, and *Catherine Michelle Castagne,* Chief Assistant Prosecuting Attorney, for the people.

*Daniel Loznak* for the defendant.

MALLETT, J.

### INTRODUCTION

We granted leave to determine whether it is lawful to charge one who is operating a snowmobile while intoxicated with a violation of the Michigan Vehicle Code. The district court dismissed the OUIL charge, and the circuit court affirmed. The Court of Appeals reversed in an unpublished opinion per curiam, holding that a person who is intoxicated or has an impermissible blood-alcohol content while operating a snowmobile upon a highway or other place open to the general public may be prosecuted as an OUIL of-

fender pursuant to MCL 257.625; MSA 9.2325. We would affirm the decision of the Court of Appeals.

### FACTS

On February 25, 1988, two state police troopers observed a snowmobile traveling on southbound US 23. The troopers stopped the snowmobile because the operator was driving on the shoulder of the highway.

As the driver got off the snowmobile, the trooper smelled intoxicants and noticed that the driver had trouble gaining his balance. When the driver failed several sobriety tests, he was arrested and taken to the state police post in Cheboygan. His blood-alcohol level was 0.23 percent.

The defendant was charged with operating a vehicle under the influence of intoxicating liquor, second offense (OUIL). MCL 257.625(5); MSA 9.2325(5). A bench trial was held June 3, 1988 in 89th District Court. On July 6, 1988, the judge dismissed the charges because there is a specific statute prohibiting the operation of a snowmobile while under the influence of intoxicating liquor, MCL 257.1515; MSA 9.3200(15). The circuit court affirmed. The Court of Appeals granted the prosecutor's application for leave to appeal and reversed. This Court granted leave to appeal on October 24, 1990. 436 Mich 880.

I

Under MCL 257.79; MSA 9.1879, " '[v]ehicle' means every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices exclusively moved by human power or used exclusively upon stationary rails or tracks and excepting a mobile home . . . ."

The OUIL statute in question proscribes operating a vehicle on a highway, or other places open to the public while intoxicated. MCL 257.625; MSA 9.2325. A snowmobile is a vehicle generally prohibited from operating on a highway, except, under limited circumstances. *Montgomery v Dep't of Natural Resources,* 172 Mich App 718, 722, n 1; 432 NW2d 414 (1988).[1] Accordingly, we find that defendant's snowmobile is a vehicle to which the terms of the OUIL statute literally apply.

II

Having determined that the OUIL statute is facially applicable in the instant matter, we now turn to consider the question whether persons operating a snowmobile on a public highway while intoxicated, can be properly charged with a violation of the Vehicle Code.

Defendant was charged with OUIL pursuant to the terms of the Michigan Vehicle Code. The code provides:

A person, whether licensed or not, who is under the influence of intoxicating liquor or a controlled substance, or a combination of intoxicating liquor and a controlled substance, shall not operate a vehicle upon a highway or other place open to the general public, including an area designated for

---

[1]  These circumstances include: (1) travel to the extreme right in single file; (2) necessity of crossing a bridge or culvert after stopping and yielding the right of way; (3) necessity of getting from one area to another, but only if the snowmobile crosses at right angles to the highway after stopping and yielding the right of way; (4) travel on a county road not normally snowplowed for vehicular traffic; (5) in emergency under authority of a local law enforcement officer; (6) government-approved prearranged special events of limited duration; (7) local ordinance allowing snowmobile egress and ingress. MCL 257.1512(a) through (h); MSA 9.3200(12)(a) through (h).

the parking of vehicles, within the state. [MCL
257.625(1); MSA 9.2325(1).]

However, defendant maintains that he should
have been charged under a different portion of the
Michigan Vehicle Code which proscribes operating
a snowmobile upon a highway while intoxicated.
The snowmobile act provides:

> A person shall not operate a snowmobile . . .
> [w]hile under the influence of intoxicating liquor; a
> controlled substance as defined in section 7104 of
> Act No. 368 of the Public Acts of 1978, as
> amended, being section 333.7104 of the Michigan
> Compiled Laws; or a combination of intoxicating
> liquor and a controlled substance. [MCL
> 257.1515(1)(b); MSA 9.3200(15)(1)(b).]

Defendant further maintains that the snowmobile
statute has a regulatory scheme separate and
distinct from the general Motor Vehicle Code. As
such, the more specific snowmobile act, rather
than the general Motor Vehicle Code, proscribes
operation of a snowmobile on a public highway
while intoxicated.

The Court of Appeals held that a person who
operates a snowmobile upon a highway while in-
toxicated may be prosecuted under the OUIL stat-
ute.[2] The Court disagreed with defendant and
stated that the OUIL statute could not be character-
ized as more general than the snowmobile act.

We agree with the Court of Appeals. We are
unable to say that the OUIL statute is more general
than the snowmobile act; nor is the snowmobile
act separate and distinct from the general Motor
Vehicle Code.

The OUIL provision of the Vehicle Code pro-

[2] *People v Rogers,* unpublished opinion per curiam of the Court of
Appeals, decided December 20, 1989 (Docket No. 112578).

scribes operation of any vehicle upon a highway while intoxicated. MCL 257.625(5); MSA 9.2325(5). In addition, because snowmobiles, albeit under limited circumstances, may be operated on highways, *Montgomery, supra,*[3] it can be said that the snowmobile act proscribes operating a snowmobile on a highway while intoxicated.

The Vehicle Code and the snowmobile act overlap in that each shares a common application to snowmobiles when operated on highways. Therefore, the Motor Vehicle Code and the snowmobile act are statutes that can be read in "pari materia."[4]

> "Statutes in pari materia are those which relate to the same person or thing, or to the same class of persons or things, or which have a common purpose; and although an act may incidentally refer to the same subject as another act, it is not in pari materia if its scope and aim are distinct and unconnected. It is a well-established rule that in the construction of a particular statute, or in the interpretation of its provisions, all statutes relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law, although they were enacted at different times, and contain no reference to one another."[5]

Further, we have held that when there are two applicable statutes, as in this case, "the prosecutor is the chief law enforcement officer . . . and has the right to exercise broad discretion in determining under which of two applicable statutes a prosecution will be instituted."[6]

---

[3] See also MCL 257.1512; MSA 9.3200(12).

[4] *Palmer v State Land Office Bd,* 304 Mich 628, 636-637; 8 NW2d 664 (1943).

[5] *Id.* at 636.

[6] See *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672,

Therefore, in the instant matter, when defendant drove his snowmobile on the highway while intoxicated, his conduct was within the ambit of both MCL 257.625; MSA 9.2325 and MCL 257.1515(1)(b); MSA 9.3200(15)(1)(b). Accordingly, the prosecutor has broad discretion to determine under which of the two applicable statutes to prosecute.

The question whether a person who is intoxicated while operating a snowmobile on a highway may be prosecuted as an OUIL offender is one of first impression under Michigan jurisprudence. Consequently, we may look to other jurisdictions for guidance.

In *Melby v Comm'r of Public Safety,* 367 NW2d 527 (Minn, 1985), the defendant was apprehended by the police after operating his snowmobile with a blood-alcohol concentration level above 0.10 percent.[7] The Commissioner of Public Safety revoked the defendant's driving privileges under the implied consent law. The Dakota County Court rescinded the revocation.[8] The Minnesota Supreme Court reversed the county court's decision and reinstated the commissioner's revocation of the defendant's driving privileges. The court held that Minnesota's implied consent statute[9] applied to snowmobiles operated on a street or highway. *Id.* at 529.

In *Pahl v Comm'r of Public Safety,* 398 NW2d

683; 194 NW2d 693 (1972); *People v Ford,* 417 Mich 66, 84; 331 NW2d 878 (1982).

[7] Undisputed facts indicated that the defendant operated his snowmobile on the roadway and in a public street during a police chase. See *id.* at 528, n 2.

[8] The Dakota County Court rescinded the revocation by holding the snowmobile at the time of the arrest was not operated on a street or highway. The Minnesota Supreme Court reversed because "the decision that respondent was not operating the snowmobile on a street or highway was clearly erroneous." *Melby* at 528.

[9] See Minn Stat 169.123.

67 (Minn App, 1986), the respondent's driving privileges were revoked for an implied consent violation following a snowmobile accident on a lake. The Minnesota Court of Appeals held that the implied consent laws *applied only to snowmobiles operated on streets and highways,* and not to snowmobiles operated on lake surfaces. *Id.* at 72.[10]

These Minnesota court decisions explicitly provide that implied consent laws are applicable to persons who operate snowmobiles upon a highway while under the influence of intoxicants. In the instant case, however, defendant maintains that the OUIL statute is inapplicable since the snowmobile act prohibits the conduct, and therefore is controlling. To support this contention, defendant looks to *State v Gobeli,* 342 NW2d 898 (Iowa, 1983), and urges this Court to adopt its logic.[11]

We find *Gobeli* distinguishable from the instant matter. Unlike this case, *Gobeli* concerned whether the defendant could be convicted of driving with a suspended license for operating a snowmobile along the shoulder of a city street and crossing a highway while his driver's license was already suspended. The defendant in *Gobeli* was charged with operating a snowmobile without a license where the snowmobile statute did not require a driver's license for its operation. That is not this case. Here, defendant's license to operate a motor vehicle has no bearing on his ability to operate a snowmobile on a public highway while intoxicated.

---

[10] See also *State v Woodruff,* 81 Or App 484, 487; 726 P2d 396 (1986), wherein the Oregon Court of Appeals held that an implied consent law did not apply to bicyclists, but only to a person " 'who operates a motor vehicle.' " See Or Rev Stat 487.805(1) (repealed).

[11] The Iowa court held that charges could not be brought under the general motor vehicle code for operating a motor vehicle with a suspended license. *Id.*

In the instant matter, defendant makes much of the fact that operating a snowmobile requires no license from the Secretary of State. He asserts that since no license is required, it would be "anomalous" to apply the provisions of the Michigan Vehicle Code to this case. We find this argument unpersuasive. Under the Michigan Vehicle Code, one need not be licensed.

> A person, *whether licensed or not,* whose blood contains 0.10% or more by weight of alcohol, shall not operate a vehicle upon a highway or other place open to the general public . . . . [MCL 257.625(2); MSA 9.2325(2). Emphasis added.]

Similarly, the Attorney General concluded in May, 1985, that a go-cart operated on a highway was a motor vehicle, and that the Secretary of State was required to post on the driving record a conviction for operating a go-cart on a public highway in violation of the Vehicle Code.[12] Thus, one's driving record would be affected by an offense committed while operating a motor vehicle for which no operator's license is required. A go-cart and a snowmobile are both motor vehicles for which no operator's license is required under the Vehicle Code. Therefore, to say that one's driving record would be affected when operating a go-cart on a public highway, but not when operating a snowmobile is incongruous.

A license from the Secretary of State is not required to operate all types of motor vehicles. But this does not make a motor vehicle any less a

---

[12] OAG, 1985-1986, No 6292, p 64 (May 8, 1985).

motor vehicle.[13] Removal of a snowmobile from the operation of Vehicle Code sections requiring licensing does not mean it is removed from all other applicable sections. We find that the OUIL statute and its penalties are applicable to the defendant in this case. Accordingly, we would affirm the decision of the Court of Appeals.

### CONCLUSION

Our decision recognizes that the general provisions of the Vehicle Code contemplate all vehicles —including those for which no license is required —operated upon a highway. Further, the specific and narrowly tailored terms of the OUIL provision apply to persons who operate snowmobiles on public highways, while under the influence of intoxicants. Thus, the OUIL provision is applicable to defendant in this case. We therefore would affirm the decision of the Court of Appeals.

BOYLE, J., concurred with MALLETT, J.

BRICKLEY, J. (*concurring*).

### I

As indicated by my colleague, Justice MALLETT, the novel question presented to us is whether a person who is operating a snowmobile on a public

---

[13] The California Court of Appeals reached a similar conclusion with regard to vehicle registration.

[N]ot all motor vehicles are required to be registered . . . , the mere fact that a motor vehicle is thus exempt does not make it any the less a motor vehicle.[9]

[9] [A] "nurse rig" is "obviously" a motor vehicle . . . but under certain circumstances may be exempt from registration.

[*Travelers Indemnity Co v Colonial Ins Co*, 242 Cal App 2d 227, 238; 51 Cal Rptr 724 (1966), overruled on other grounds *Argonaut Ins Co v Transport Indemnity Co*, 6 Cal 3d 496; 99 Cal Rptr 617; 492 P2d 673 (1972); *State Farm Mutual Automobile Ins Co v Jacober*, 10 Cal 3d 193; 110 Cal Rptr 1; 514 P2d 953 (1973).]

highway[1] while intoxicated can be charged and prosecuted under the Michigan Motor Vehicle Code's OUIL provisions. MCL 257.625; MSA 9.2325. The district court dismissed the OUIL charge against the defendant, and the circuit court affirmed. However, the Court of Appeals reversed, finding that an intoxicated person driving a snowmobile on a highway can properly be charged with OUIL. Unpublished opinion per curiam of the Court of Appeals, decided December 20, 1989 (Docket No. 112578). While I agree with the majority's affirmance of the Court of Appeals, I write separately to further explain my reasoning.

## II

In addition to the facts stated by the lead opinion, the analysis by the Court of Appeals is also helpful to the resolution here. The Court of Appeals found that the applicable snowmobile statute was general in nature and that the OUIL statute was specific because it applied only to vehicles operating on the highway. The Court of Appeals then stated that the snowmobile statute and the OUIL statute shared a common application to snowmobiles on a highway, and therefore, should be read in pari materia. The Court of Appeals believed that, although read in pari materia, the two statutes had different purposes. The snowmobile statutes were concerned with the safe operation of snowmobiles, while the OUIL statute and the Motor Vehicle Code were concerned with highway safety against intoxicated individuals. The Court of Ap-

---

[1] Although the lead opinion states that it is unnecessary to determine whether the shoulder is part of the highway, I believe there is nothing to decide. Under either the Motor Vehicle Code's general definitions, MCL 257.59a; MSA 9.1859(1), or the snowmobile act's definitions, MCL 257.1501(k); MSA 9.3200(1)(k), the shoulder is part of the highway. Therefore, there can be no arguing whether the snowmobile in this case was being driven on the highway. It was.

peals felt that no sufficient reason existed to refuse
to apply the OUIL statute to intoxicated individuals
operating snowmobiles on a highway and con-
cluded by noting that the statutes could overlap in
some circumstances and that the prosecutor, in
her discretion, could charge a defendant under
either statute.

Before reaching the more significant issue in
this case, I undertake to determine, as did the lead
opinion, whether a snowmobile is even a vehicle to
which the Motor Vehicle Code provisions can pos-
sibly be applied. In *Montgomery v Dep't of Natu-
ral Resources,* 172 Mich App 718, 722; 432 NW2d
414 (1988), the Court of Appeals, citing to the
Motor Vehicle Code, found that a snowmobile is a
vehicle because it is not "propelled by human
power." As indicated by the Court of Appeals in
this case, a vehicle is defined as "every device in,
upon, or by which any person or property is or
may be transported or drawn upon a high-
way . . . ." MCL 257.79; MSA 9.1879.[2] A snow-
mobile fits within this definition because, even un-
der the provisions of the snowmobile act, situa-
tions exist when a snowmobile can transport per-
sons on the highway. MCL 257.1512(a)-(h); MSA
9.3200(12)(a)-(h).

The snowmobile act's own definition of a snow-
mobile further supports this conclusion. Under the
snowmobile act, a snowmobile is defined as:

> [A]ny *motor driven vehicle* designed for travel
> primarily on snow or ice of a type which utilizes
> sled type runners or skis, or an endless belt tread
> or any combination of these or other similar
> means of contact with the surface upon which it is

---

[2] I refer to the definition of "vehicle" rather than "motor vehicle"
because the OUIL statute at issue here refers to the former, more
expansive term.

operated . . . . [MCL 257.1501(e); MSA 9.3200(1)(e). Emphasis added.]

Thus, the snowmobile act itself defines a snow-mobile not only as a vehicle, but also as a motor vehicle.

The subsequent language in the definition of a snowmobile,

but is not a vehicle which must be registered under Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Michigan Compiled Laws,[3]

does not require a contrary result. In other words, this language indicates that a snowmobile does not have to be registered under the provisions of the Motor Vehicle Code, which are MCL 257.1; MSA 9.1801 to MCL 257.923; MSA 9.2623. The state-ment does not provide that a snowmobile is not subject to any provisions of the Motor Vehicle Code, but only that special registration require-ments are applied to snowmobiles instead of the requirements of the Motor Vehicle Code. The very fact that the Legislature found it necessary to exempt snowmobiles from the motor vehicle regis-tration requirements further indicates that a snowmobile is still a vehicle for other portions of the Motor Vehicle Code. Therefore, as noted by the lead opinion, I would also find that a snowmobile is a vehicle to which certain provisions of the Motor Vehicle Code can possibly be applied. I now turn to the more significant issue on appeal— whether an intoxicated person who drives a snow-

[3] The same language is used in MCL 257.1512(c); MSA 9.3200(12)(c). The reference to the Motor Vehicle Code in this section clearly indicates that the Legislature was only delineating what sections were considered to be part of that code. The same interpretation applies here.

mobile on a highway can be charged under the OUIL statute.

### III

#### A

When reviewing the defendant's arguments, the Court is guided by a number of rules of statutory interpretation. In general, penal statutes must be strictly construed and the intent of the Legislature cannot be considered when the penal statute is clear and unambiguous. *People v Goulding,* 275 Mich 353; 266 NW 378 (1936); *Gay v Webster,* 277 Mich 255, 259; 269 NW 164 (1936). However, this rule only requires that people are entitled to a fair warning of the conduct that is proscribed by the statute. *Woll v Attorney General,* 409 Mich 500, 516; 297 NW2d 578 (1980). When interpreting a penal statute, the Court should also consider the evil that is sought to be penalized. *People v Goolsby,* 284 Mich 375, 379; 279 NW 867 (1938).

Under the rule of strict construction, the general rules of statutory interpretation also apply. See 3 Sands, Sutherland Statutory Construction (4th ed), § 59.06, p 36. Particularly important here is the rule that the Legislature generally does not cover the same ground in separate statutes. See *Bd of Control of the Michigan State Prison v Auditor General,* 197 Mich 377, 382; 163 NW 921 (1917); *People v Smith,* 423 Mich 427, 441; 378 NW2d 384 (1985) (WILLIAMS, C.J.) (the Legislature may be presumed to know of existing legislation on the same subject). If two statutes do relate to the same purpose and are deemed to be in conflict, the specific statute is considered an exception to the general statute. *Mayor of Port Huron v City Treasurer of Port Huron,* 328 Mich 99; 43 NW2d 77 (1950); *In re Midland Publishing, Inc,* 420 Mich

148, 163-164; 362 NW2d 580 (1984). However, two statutes can be read in pari materia when they relate to the same class of persons or things or have a common purpose, *County Rd Ass'n v Bd of State Canvassers,* 407 Mich 101, 119; 282 NW2d 774 (1979), and they should be read in connection with one another as if they constituted one law even if they were enacted at different times and contain no reference to one another.

B

This case rests on the application of the OUIL statute and the snowmobile statute to the present situation. The portion of the snowmobile act in question, MCL 257.1515; MSA 9.3200(15), states:

(1) A *person shall not operate a snowmobile under any of the following circumstances:*

\* \* \*

(b) *While under the influence of intoxicating liquor;* a controlled substance as defined in section 7104 of Act No. 368 of the Public Acts of 1978, as amended, being section 333.7104 of the Michigan Compiled Laws; or a combination of intoxicating liquor and a controlled substance. [Emphasis added.]

On the other hand, the OUIL statute, MCL 257.625(1); MSA 9.2325(1), states:

A person, whether licensed or not, *who is under the influence of intoxicating liquor* . . . shall not operate a vehicle upon a highway . . . . A peace officer may, without a warrant, arrest a person when the peace officer has reasonable cause to believe that the person was, at the time of an accident, the driver of a vehicle involved in the accident and was operating the vehicle upon a public highway . . . in the state while in violation

of this subsection or of subsection (2), or of a local ordinance substantially corresponding to this subsection or subsection (2). [Emphasis added.]

Under both the OUIL statute and the snowmobile act, an individual can seemingly be charged with operating a snowmobile on a highway while intoxicated. The provisions of the snowmobile act, specifically MCL 257.1515(1)(b); MSA 9.3200(15)(1)(b), provide that a person shall not operate a snowmobile while intoxicated. The OUIL statute, on the other hand, provides for regulations and penalties when any vehicle is driven specifically on the highway. MCL 257.625(1); MSA 9.2325(1).

The defendant and Justice RILEY, in dissent, argue that the OUIL and snowmobile act statutes are conflicting and that the snowmobile act should control because it is more specific. The defendant and the dissent have focused strictly on the types of vehicles involved and have given no guidance with regard to why the statutes cannot, instead, be read in pari materia. However, when reviewing not only the specific provisions of both statutes, but also the timing and purposes of each statute, one can conclude that the two statutes can be read in pari materia and are not conflicting.

While both Justice RILEY and the Court of Appeals argue that one statute or the other is more specific, I would find that each statute is both general and specific. The snowmobile act provision is specific about what vehicle is covered and general about the location of the vehicle when the statute applies. The OUIL statute is specific about the location of the vehicle and general about which vehicle is covered. Any analysis regarding which statute is more specific is inconclusive and the task then returns to whether, under the rules of statutory interpretation, the statutes can be read in pari materia.

When interpreting these two statutes, the Court should assume that the Legislature knew of the existence of the OUIL statute and that it generally would not cover the same ground in the snowmobile act that it had previously covered in the OUIL statute. See *Bd of Control, supra* at 382. Therefore, by not specifically indicating otherwise, the Legislature must have known that the Motor Vehicle Code provisions, including the OUIL statute, would be applied to a snowmobile, which is a vehicle, when it is operated on a highway.

By focusing more upon the location or area regulated by each statute rather than the vehicles to be regulated, the two acts can be interpreted in pari materia, consistently and harmoniously, *People v Harrison,* 194 Mich 363, 369; 160 NW 623 (1916), without finding that the snowmobile act impliedly repealed any portion of the OUIL statute or other Motor Vehicle Code provisions. *People v Buckley,* 302 Mich 12, 22; 4 NW2d 448 (1942). As indicated by the Court of Appeals, the snowmobile act, MCL 257.1515; MSA 9.3200(15), "regulates snowmobile operation[s] in general terms, without reference to whether the prohibited conduct occurs on or off a public highway." The snowmobile act indicates that a snowmobile may legally be on a highway and indicates additional conduct that a snowmobile driver must follow while on a highway. However, it only generally states that a person shall not drive a snowmobile while intoxicated. In contrast, the OUIL statute specifically prohibits certain conduct when driving any vehicle on a public highway. Therefore, these statutes can be read in pari materia by finding that while the snowmobile statute in question regulates the operation of a snowmobile while intoxicated when it is both on and off the highway, the OUIL statute

supplements those regulations when snowmobiles are driven on the highway.

This result is also supported by the purpose of each statute. See *Woll, supra.* While the snowmobile act is concerned with the regulation and registration of snowmobiles, the preamble to the Motor Vehicle Code indicates the Legislature's specific concern with the "regulation of *vehicles operated upon the public highways* of this state or any other place open to the general public . . . to provide for the regulation and use of streets and highways . . . [and] to provide penalties and sanctions for a violation of this act . . . ." (Emphasis added.) See also *Jacobson v Carlson,* 302 Mich 448, 452-454; 4 NW2d 721 (1942) (indicating that the purpose of the predecessor to the Motor Vehicle Code was to promote traffic safety by preventing the dangerous operation of vehicles on the highway and noting that the regulation of automobiles *and other vehicles* on public highways is the responsibility of the state).

This Court has interpreted the purpose of the Motor Vehicle Code broadly to cover all motor vehicles without limiting its application to automobiles or other vehicles generally using the roads and highways. *Jacobson, supra.* While the snowmobile act is only directed at the operation and safety of snowmobiles, the purpose of the Motor Vehicle Code is to protect citizens and vehicles *while on the public highways.* This purpose of the Motor Vehicle Code, which includes the ouil statute, further supports a conclusion that the ouil statute should supplement the provisions of the snowmobile act when a snowmobile is being operated on a highway.

In addition, when reviewing the evil attempted to be penalized by the statutes, *Goolsby, supra,* the ouil statute is intended to prevent accidents and

hazards on the state's highways caused by the improper conduct of intoxicated drivers. *Jacobson, supra.* However, the snowmobile act is an attempt to regulate snowmobiles in their *general* operations and registration. I agree with the Court of Appeals analysis of this point when it stated:

> Furthermore, the two statutes are each directed toward discrete ends, i.e., safe snowmobile operation as differentiated from preservation of highway safety from hazards posed by drunk drivers. The different, and perhaps more exalted legislative concern attached to the dangers of drunk driving becomes apparent by a comparison of the penalty provisions of the two offenses in question. Violation of the snowmobile offense carries the usual penalties for a misdemeanor, MCL 257.1517; MSA 9.3200(17), but the OUIL statutory scheme carries a more detailed, complex penalty provision specifically tailored to address the enormity of the danger posed by drunk driving, the need to deter offenders and to protect the public, and the unique problems of repeat offenders. These concerns are not implicated to any corresponding degree by the Legislature's expressed concern to regulate snowmobile operation. We see no reason why the policy concerns underlying the OUIL statute should be deemed inapplicable when an OUIL offense is committed with a snowmobile.

### IV

The purposes of both the OUIL statute and the snowmobile act are further promoted by finding that an intoxicated person operating a snowmobile on a highway, either legally or illegally, can be charged with OUIL. As does the lead opinion, I would affirm the decision of the Court of Appeals.

GRIFFIN, J., concurred with BRICKLEY, J.

RILEY, J. (*dissenting*). The majority finds that a

snowmobile is a "vehicle" under MCL 257.625;
MSA 9.2325, which prohibits driving under the
influence of liquor or controlled substances, and
that the penalty provisions under § 625 apply to
the facts of this case. The provision governing
driving under the influence of liquor is part of the
Motor Vehicle Code, MCL 257.1 *et seq.*; MSA
9.1801 *et seq.*

Section 625 of the Motor Vehicle Code states
that "[a] person . . . who is under the influence of
intoxicating liquor or a controlled substance . . .
shall not operate a *vehicle* upon a highway . . . ."
(Emphasis added.) To fall within this section, a
snowmobile has to fit within the definition of a
"vehicle." However, the definitional section of the
snowmobile act, MCL 257.1501(e); MSA 9.3200(1)(e),
states:

> "Snowmobile" means any motor driven vehicle
> designed for travel primarily on snow or ice of a
> type which utilizes sled type runners or skis, or an
> endless belt tread or any combination of these or
> other similar means of contact with the surface
> upon which it is operated; *but is not a vehicle
> which must be registered under Act No. 300 of the
> Public Acts of 1949, as amended, being sections
> 257.1 to 257.923 of the Michigan Compiled Laws.*
> [Emphasis added.]

The definition of "snowmobile" set out above
states that a snowmobile is not a vehicle which
has to be registered under the Motor Vehicle Code,
MCL 257.1 to 257.923; MSA 9.1801 to 9.2623.
Encompassed within the span of legislation set out
in § 1(e) of the snowmobile act is § 625 of the
Motor Vehicle Code, the provision pertaining to
driving while intoxicated. Thus, the definitional
section of the snowmobile act raises serious ques-
tions concerning the application of § 625 of the
Motor Vehicle Code to snowmobile operators.

While § 1(e) casts doubt on the application of the Vehicle Code's driving while intoxicated provision to the operation of snowmobiles, the fact that the Legislature specifically provided penalties for driving under the influence in the snowmobile act is persuasive evidence that § 625 does not apply.

As stated in 2A Sands, Sutherland Statutory Construction (4th ed), § 51.05, p 499:

> Where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail . . . .

Both the Motor Vehicle Code and the snowmobile act have provisions which address intoxicated driving. Under the snowmobile act, MCL 257.1515; MSA 9.3200(15) states:

> (1) A person shall not operate a snowmobile under any of the following circumstances:
>
> * * *
>
> (b) While under the influence of intoxicating liquor; a controlled substance as defined in section 7104 of Act No. 368 of the Public Acts of 1978, as amended, being section 333.7104 of the Michigan Compiled Laws; or a combination of intoxicating liquor and a controlled substance.

Section 15(1)(b) of the snowmobile act is more specific than § 625 of the Motor Vehicle Code because § 15(1)(b) is concerned solely with snowmobiles. Moreover, if the majority is correct that a snowmobile is a "vehicle" under § 625, the provisions conflict because § 15(1)(b) does not limit the penalty to any particular area where a snowmobile might drive. By a blanket ban on intoxicated driving regardless of location, § 15(1)(b) would apply to a snowmobile driving upon a high-

way, or anywhere else.[1] Therefore, assuming a snowmobile is a "vehicle" under § 625, the provisions conflict and the more specific provision under the snowmobile act controls.

It is also instructive to look to the purposes of the acts. The preamble to the snowmobile act provides:

> AN ACT to register and *regulate snowmobiles;* to provide for education and training programs; to provide for trails, areas, and facilities; *to create a recreational snowmobile trail improvement fund;* to provide for expenditure of appropriations; *and to prescribe penalties.* [Emphasis added.]

In relevant part, the preamble to the Motor Vehicle Code states:

> AN ACT to provide for the registration, titling, sale, transfer, and regulation of vehicles operated upon the public highways of this state or any other place open to the general public and distressed vehicles; . . . to provide penalties and sanctions for a violation of this act . . . .

While the Motor Vehicle Code broadly encompasses the regulation of vehicles on public highways, the snowmobile act is limited specifically to the regulation of snowmobiles. Because both proscribe penalties for intoxication, the more specific enactment controls over the more general one.

Furthermore, there are other legislative enactments which indicate that the Legislature intended § 15(1)(b) of the snowmobile act and § 625 of the Vehicle Code to operate exclusively of each

---

[1] Nor can it be argued that the Legislature did not contemplate that snowmobiles would not operate on highways, and that therefore § 15(1)(b) does not apply to intoxicated drivers on the highway. The Legislature contemplated snowmobiles on highways in § 12.

other. In § 15 of the criminal procedure act,[2] the Legislature states rules regarding warrantless arrests:

(1) A peace officer, without a warrant, may arrest a person in the following situations:

*   *   *

(h) When the peace officer has reasonable cause to believe that the person was, at the time of an accident, the driver of a vehicle involved in the accident and was operating the vehicle upon a public highway or other place open to the general public, including an area designated for the parking of vehicles, in the state while in violation of section 625(1) or (2) of the Michigan vehicle code, Act No. 300 of the Public Acts of 1949, being section 257.625 of the Michigan Compiled Laws, or of a local ordinance substantially corresponding to section 625(1) or (2) of Act No. 300 of the Public Acts of 1949.

(i) When the peace officer has reasonable cause to believe that the person was, at the time of an accident, the driver of a snowmobile as defined by Act No. 74 of the Public Acts of 1968, as amended, being sections 257.1501 to 257.1518 of the Michigan Compiled Laws, involved in the accident and was driving the snowmobile while under the influence of an intoxicating liquor; a controlled substance as defined in section 7104 of the public health code, Act No. 368 of the Public Acts of 1978, as amended, being section 333.7104 of the Michigan Compiled Laws; or a combination of intoxicating liquor and a controlled substance.

The fact that the Legislature contemplated both intoxicated driving provisions in the same statute offers support to the idea that the provisions of the

[2] MCL 764.15; MSA 28.874.

snowmobile act are to operate independent of
§ 625 of the Motor Vehicle Code.

Section 8511 of the Revised Judicature Act[3]
states in part:

> A district court magistrate shall have the follow-
> ing jurisdiction and duties:
> (a) To arraign and sentence upon pleas of guilty
> or nolo contendere for violations of the following
> acts or parts of acts, or a local ordinance substan-
> tially corresponding to these acts or parts of acts,
> when authorized by the chief judge of the district
> court and if the maximum permissible punishment
> does not exceed 90 days in jail or a fine, or both:
> (i) Michigan vehicle code, Act No. 300 of the
> Public Acts of 1949, as amended, being sections
> 257.1 to 257.923 of the Michigan Compiled Laws,
> *except for violations of sections 625 and 625b of
> Act No. 300 of the Public Acts of 1949, being
> sections 257.625 and 257.625b of the Michigan
> Compiled Laws.* However, the magistrate may
> have the jurisdiction to arraign defendants and set
> bond with regard to violations of sections 625 and
> 625b *of Act No. 300 of the Public Acts of 1949.*
>
>                  *  *  *
>
> (vii) Act No. 74 of the Public Acts of 1968, as
> amended, being sections 257.1501 to 257.1518 of
> the Michigan Compiled Laws. [Emphasis added.]

It is discernible from this provision that the
Legislature distinguished § 625 of the Motor Vehi-
cle Code and § 15 of the snowmobile act on the
basis of district court jurisdiction. If anything, this
provision adds support to the notion that the
Legislature intended § 15 to be separate and dis-
tinct from § 625.

I would reverse the decision of the Court of
Appeals.

CAVANAGH, C.J., and LEVIN, J., concurred with
RILEY, J.

---

[3] MCL 600.8511; MSA 27A.8511.