PEOPLE v O'NEAL

Docket No. 139059. Submitted November 4, 1992, at Lansing. Decided February 1, 1993, at 9:15 A.M.

Kevin J. O'Neal was convicted after a bench trial in the Livingston Circuit Court, Daniel A. Burress, J., of operating a motor vehicle while under the influence of intoxicating liquor, third offense, in connection with his operation of an off-road recreational vehicle on a highway. The defendant appealed, claiming that conviction under the OUIL statute, MCL 257.625(1); MSA 9.2325(1), was improper in light of § 20a of the off-road recreational vehicles act, MCL 257.1620a; MSA 9.3300(20a), which proscribes the operation of an off-road recreational vehicle by a person who is intoxicated.

The Court of Appeals held:

The purposes of both the OUIL provisions and the off-road recreational vehicle provisions of the Vehicle Code are promoted by permitting an intoxicated person who operates an off-road recreational vehicle on a highway to be charged under the OUIL provisions.

An off-road recreational vehicle is a vehicle to which certain provisions of the Vehicle Code, including the OUIL provisions, may be applied when it is driven on a highway. The OUIL and off-road recreational vehicle provisions may be read in pari materia to provide that while the off-road recreational vehicle statute regulates the operation by an intoxicated person of an off-road recreational vehicle on or off a highway, the OUIL statute supplements those regulations when off-road recreational vehicles are driven on a highway.

Affirmed.

INTOXICATING LIQUORS — OFF-ROAD RECREATIONAL VEHICLES — VEHICLE CODE.

A person who operates an off-road recreational vehicle on a highway while intoxicated may be charged either with operating a motor vehicle while intoxicated or with operating an off-

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 296 et seq.

What is a "motor vehicle" within statutes making it an offense to drive while intoxicated. 66 ALR2d 1146.

road recreational vehicle while intoxicated (MCL 257.625, 257.1620a; MSA 9.2325, 9.3300[20a]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *David L. Morse,* Prosecuting Attorney, and *Daniel J. Garber, Jr.,* Chief Assistant Prosecuting Attorney, for the people.

*Gallagher & Associates* (by *Lee C. Gough*), for the defendant.

Before: WEAVER, P.J., and McDONALD and NEFF, JJ.

NEFF, J. Following a bench trial, defendant, Kevin J. O'Neal, was convicted of operating a vehicle while under the influence of intoxicating liquor (OUIL), third offense, MCL 257.625(1); MSA 9.2325(1). He was sentenced to one year in jail. Defendant now appeals as of right. We affirm.

I

Defendant's conviction arises out of his operation of a dune buggy, an off-road vehicle (ORV), on Krause Road in Livingston County on May 6, 1990, while having a blood alcohol level of 0.2 percent. At the time of this incident, defendant had two prior convictions under the OUIL statute for operating a vehicle while having an unlawful blood alcohol level. In this case, defendant was charged under the OUIL statute rather than under § 20a of the off-road recreational vehicles act (ORV act), MCL 257.1620a; MSA 9.3300(20a), which prohibits persons from operating an ORV while under the influence of intoxicating liquor.

II

Defendant argues that § 20a of the ORV act is a

specific statute that was enacted after the more general OUIL statute was enacted, and therefore constitutes an exception to the OUIL statute. He argues that he was charged under the wrong act and that his conviction should be vacated. The people argue that defendant was properly charged and convicted of OUIL, third offense.

### A

As a preliminary matter, we find that an ORV is a vehicle to which certain provisions of the Vehicle Code can be applied. At the time of defendant's conviction, the ORV act defined an "ORV" or a "vehicle" as "a motor driven off-road recreation vehicle." MCL 257.1601(m); MSA 9.3300(1)(m) [now MCL 257.1601(o); MSA 9.3300(1)(o)]. A "vehicle" is defined under the Vehicle Code as:

> [E]very device in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices exclusively moved by human power or used exclusively upon stationary rails or tracks and excepting a mobile home . . . . [MCL 257.79; MSA 9.1879.]

ORVs are clearly "vehicles" for purposes of the Vehicle Code. We also find that a person who operates an ORV on a public highway while intoxicated can be charged and prosecuted under the OUIL statute.

### B

At the time of defendant's conviction, the OUIL statute, MCL 257.625; MSA 9.2325, stated in pertinent part:

> (1) A person, whether licensed or not, who is

under the influence of intoxicating liquor . . . shall not operate a vehicle upon a highway or other place open to the general public, including an area designated for the parking of vehicles, within the state. . . .

(2) A person, whether licensed or not, whose blood contains 0.10% or more by weight of alcohol, shall not operate a vehicle upon a highway or other place open to the general public, including an area designated for the parking of vehicles, within the state.

The ORV statute states in pertinent part:

(1) A person who is under the influence of intoxicating liquor . . . shall not operate an ORV.

(2) A person whose blood contains 0.10% or more by weight of alcohol shall not operate an ORV. [MCL 257.1620a; MSA 9.3300(20a).]

We hold that a person may be charged under either statute when that person is operating an ORV on a highway while intoxicated.

C

In *People v Rogers,* 438 Mich 602; 475 NW2d 717 (1991), our Supreme Court dealt with an issue similar to the one we face in this case. The Court in *Rogers* dealt with the interplay of the OUIL statute and a provision of the snowmobile act, MCL 257.1515(1)(b); MSA 9.3200(15)(1)(b), which provides that a person shall not operate a snowmobile while intoxicated. In a plurality opinion, the *Rogers* Court held that the OUIL provisions of the Vehicle Code may properly be applied to a person who operates a snowmobile on a public highway while intoxicated. *Id.,* pp 612, 621.

We are persuaded by the reasoning of Justice BRICKLEY's concurring opinion in *Rogers* and be-

lieve that much of that reasoning can be applied to the facts of this case. Justice BRICKLEY reasoned that, by focusing more upon the location or area regulated by each statute rather than on the vehicles regulated, the two acts can be interpreted in pari materia, consistently and harmoniously. *Id.,* p 619. He opined that the two statutes could be read in pari materia by finding that the snowmobile statute regulates the operation of a snowmobile while intoxicated when it is both on and off the highway, and the OUIL statute supplements those regulations when snowmobiles are driven on the highway. *Id.,* pp 619-620.

We believe that the same type of analysis is appropriate here and find that the ORV and OUIL statutes can be read in pari materia in that the ORV statute regulates the operation of an ORV both on and off a highway by one who is intoxicated and the OUIL statute supplements those regulations when an ORV, a vehicle under the Michigan Vehicle Code, is operated on a highway by an intoxicated person.

Justice BRICKLEY further supports his conclusion by looking to the purpose of each statute. The purpose of the Vehicle Code is to protect citizens and vehicles while on the public highways. *Id.,* p 620. The paramount concern and apparent purpose of that portion of the ORV statute at issue here is to protect the safety of ORV operators. This portion of the ORV statute was also meant to establish provisions for ORV operation that parallel Michigan's stringent drunk driving laws. Senate Bill Analyses, SB 93, February 21, 1989, March 29, 1989, and January 22, 1990.

The purposes of both statutes are promoted by finding that an intoxicated person operating an ORV on a highway can be charged with OUIL.

Affirmed.