# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

WILLIAM SHAW LYON,

Defendant-Appellee.

FOR PUBLICATION
May 19, 2015
9:15 a.m.

No. 319242
Grand Traverse Circuit Court
LC No. 13-011696-FH

Before: GLEICHER, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

The district court bound defendant over for trial on charges of operating a vehicle while intoxicated, third offense (OWI), MCL 257.625(1), (9)(c), and possessing an open container of alcohol in a vehicle, MCL 257.624a, for driving his personal electric scooter on a public highway while intoxicated and drinking a can of beer. The circuit court subsequently dismissed the charges, rejecting the proposition that the scooter was a "vehicle" under the Michigan Vehicle Code (MVC), MCL 257.1 *et seq.* Because defendant was using the scooter as a vehicle on a public highway and was thereby subject to the rules of the road, we reverse.

## I. BACKGROUND

Defendant is disabled. In lieu of a wheelchair, defendant uses a slow-moving, electric four-wheeled scooter to get around. On the day in question, Traverse City police officers observed defendant travelling along the paved portion of the "curb lane" along Garfield Avenue on his scooter. Defendant was weaving into the traffic lane, causing a backup. When the officers effectuated a traffic stop, defendant was holding an open can of beer. Defendant failed field sobriety tests and admitted that he was intoxicated.

## II. ANALYSIS

We review for an abuse of discretion a circuit court's decision to dismiss the charges levied against a defendant. *People v Lewis*, 302 Mich App 338, 341; 839 NW2d 37 (2013). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id.* "A trial court necessarily abuses its discretion when it makes an error of law." *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012).

-1-

The propriety of the charges against defendant depends on the definition of "vehicle" as contained in the charges against him. "[T]he interpretation and application of a statute . . . is a question of law" that we review de novo. *People v Zajaczkowski*, 493 Mich 6, 12; 825 NW2d 554 (2012). The foremost rule of statutory construction is to discern and give effect to the intent of the Legislature. *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012). In doing so, we focus on the plain language of the statute and "must conclude that the Legislature 'intended the meaning clearly expressed[.]' " *Id.* (citation omitted). Although we generally interpret terms in a statute according to their ordinary meaning, we must accept and apply the definition of terms specifically provided in a statutory scheme. *McAuley v General Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998).

The circuit court dismissed charges brought against defendant under MCL 257.625(1) and MCL 257.624a. Pursuant to MCL 257.624a(1), the operator "of a vehicle upon a highway" may not "transport or possess" alcohol in an "open or uncapped" container. MCL 257.625(1) precludes the operation of "a vehicle upon a highway" by an individual who is under the influence of alcohol or has a blood alcohol content of at least 0.08 grams per 100 milliliters of blood. Defendant does not challenge that he was intoxicated and in possession of an open container of alcohol. He does not contest that he was travelling "upon the highway." Rather, defendant argued below, and convinced the circuit court, that his scooter did not qualify as a "vehicle."

Pursuant to MCL 257.1, when applying the provisions of the MVC, courts must employ definitions provided in the act. MCL 257.33 of the MVC defines a "motor vehicle" as:

> every vehicle that is self-propelled . . . . Motor vehicle does not include an electric patrol vehicle being operated in compliance with the electric patrol vehicle act. Motor vehicle does not include an electric personal assistive mobility device. Motor vehicle does not include an electric carriage.

A "vehicle" in turn is defined as:

> every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices exclusively moved by human power or used exclusively upon stationary rails or tracks . . . . [MCL 257.79.]

The circuit court found that defendant's scooter was "an electric personal assistive mobility device" as exempted from the definition of "motor vehicle." MCL 257.13c defines an "electric personal assistive mobility device" as "a self-balancing nontandem 2-wheeled device, designed to transport only 1 person at a time . . . ." As noted by the prosecutor, such devices are generally called "Segways." The circuit court clearly erred in characterizing defendant's scooter under this definition. The scooter at issue in this case is a four-wheel device.

In the alternative, defendant contended that his scooter is a "low-speed vehicle," subject to different rules of operation. MCL 257.25b defines "low-speed vehicle" as "a self-propelled motor vehicle" that fits within the definition and standards of 49 CFR 571.3 and 49 CFR 571.500. Pursuant to 49 CFR 571.3, a "low-speed vehicle" has four wheels and travels between

20 and 25 miles an hour. Defendant's scooter does not fit this definition because its top speed is only four miles an hour. Defendant also attempted to qualify his scooter as a "moped," which is defined by MCL 257.32b as "a 2- or 3-wheeled vehicle" with a motor 100cc or smaller that "cannot propel the vehicle at a speed greater than 30 miles per hour on a level surface" and does not require gear shifts. The number of wheels on defendant's scooter again renders this definition inapplicable.

What defendant and the circuit court failed to appreciate is that even if defendant's scooter qualified as an electric personal assistive mobility device, low-speed vehicle, or moped, his conduct would not be exempt from prosecution. An operator of such a device "upon a roadway[,] has all of the rights and is subject to all of the duties applicable to the driver of a vehicle" under the "traffic laws" chapter of the MVC. MCL 257.657. The charges brought against defendant fall within that chapter. Moreover, the definition of "vehicle," the term actually used in MCL 257.624a and MCL 257.625, is much more inclusive than the definition of "motor vehicle," including "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway." Defendant's scooter was a device upon which a person was transported upon a highway.

In *People v Rogers*, 438 Mich 602; 475 NW2d 717 (1991), the Supreme Court clarified that a person using a device that does not fit within the usual definition of a "motor vehicle" may be prosecuted for operating a "vehicle" under the influence of alcohol if the device is operated upon a highway. The defendant in *Rogers* operated his snowmobile on the shoulder of a highway while intoxicated. *Id.* at 605. The Court emphasized that statutes generally prohibited riders from operating a snowmobile on the highway. *Id.* at 606. Despite this proscription, the Court continued, a snowmobile is a motorized device that is capable of being used on the highway and therefore falls within the definition of a "vehicle" when it is so operated. *Id.* at 605-606. The defendant contended that he should have been charged under a statute prohibiting the operation of a snowmobile while intoxicated, an offense that carried a lesser penalty. *Id.* at 607. The Supreme Court disagreed: "The OUIL provision of the Vehicle Code proscribes operation of any vehicle upon a highway while intoxicated. In addition, because snowmobiles, albeit under limited circumstances, may be operated on highways, it can be said that the snowmobile act proscribes operating a snowmobile on a highway while intoxicated." *Id.* at 607-608 (citations omitted). Just as the MVC applied to the *Rogers* defendant's snowmobile when used as a "vehicle" "upon a highway," the MVC governed the current defendant's conduct when he used his scooter as a vehicle upon a highway.

That defendant's electric scooter substituted as a wheelchair also does not exempt defendant from prosecution. The MVC recognizes that disabled persons may be unable to walk, requiring reliance on a wheelchair "or other device." MCL 257.19a(c)(*ii*). This definition of disabled persons, however, does not exempt those persons from operating vehicles within the confines of the law. Beyond requiring motorists to use extra caution when approaching a disabled person using an assistive device in a crosswalk, the MVC does not make special exceptions for the use of such assistive devices while proceeding along the travelled portion of the highway. See MCL 257.612. By placing his scooter in the roadway, defendant undertook the

duties of a vehicle driver, which include refraining from driving while intoxicated or with an open container. Accordingly, the circuit court committed clear legal error and abused its discretion in dismissing the charges in this case.[1]

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto

---

[1] Defendant argues that *Bertrand v City of Mackinac Island*, 256 Mich App 13; 662 NW2d 77 (2003), establishes precedent that his scooter is not a vehicle. That case dealt primarily with the equal enjoyment of a public service by a disabled person, which is not at issue here. Further, that case involved a specialized tricycle which had regular bicycle pedals and "an electric assist that can be engaged and disengaged." *Id*. at 16. That device is distinct from defendant's device which cannot be used with human power and relies upon its electric motor. Most significantly, the Mackinac Island statute at issue provided its own definition of motor vehicle which specifically excluded mechanized wheelchairs and 3-wheeled scooters. *Id*. at 15-16, 25. The MVC does not contain a similar exclusion. Therefore, *Betrand*'s conclusion that the tricycle at issue was "not a 'motor vehicle' as the term is commonly understood" and not as that term is defined in the MVC. *Id*. at 31.