# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Attorney Fees of MITCHELL T. FOSTER.

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DAVID GEORGE BOUDRIE, SR.,

      Defendant,

and

MITCHELL T. FOSTER,

      Appellant,

and

MICHIGAN APPELLATE ASSIGNED
COUNSEL SYSTEM,

      Intervening Appellant.

FOR PUBLICATION
September 22, 2016
9:00 a.m.

No. 327707
Iosco Circuit Court
LC No. 13-008037-FH

Before: JANSEN, P.J., and K. F. KELLY and O'BRIEN, JJ.

PER CURIAM.

Appellant, Mitchell T. Foster (Foster), appeals as of right the order of the trial court denying his petition for appellate attorney fees in addition to those sums that the trial court had already approved for Foster's appellate representation of defendant. We reverse and remand for further proceedings consistent with this opinion.

Following defendant's plea-based conviction for unlawful imprisonment, MCL 750.349b, Foster was appointed by the trial court to be defendant's appellate attorney. Foster visited with defendant, reviewed the record, and filed a delayed application for leave to appeal with this Court. The delayed application presented three issues: whether the scoring of offense variable

-1-

(OV) 3 was incorrect, whether trial counsel was ineffective for failing to object to the scoring of OV 3 at sentencing, and whether defendant's sentencing guidelines were unconstitutionally increased based on impermissible judicial fact-finding. Additionally, Foster filed a motion in this Court for leave to file a motion in the trial court to correct an invalid sentence. This Court denied leave to appeal in an order, which stated:

> The Court orders that the delayed application for leave to appeal is DENIED for lack of merit in the grounds presented.
>
> The motion for leave to file a motion to correct an invalid sentence in the Trial Court is DENIED. [*People v Boudrie*, unpublished order of the Court of Appeals, entered March 5, 2015 (Docket No. 325681).]

Foster was paid $642 for his services. He filed a petition for a reasonable fee in the trial court, arguing that he was not paid for the time he spent preparing the delayed application for leave to appeal or the motion filed in this Court. Additionally, the trial court did not reimburse Foster for copy and postage fees incurred in connection with Foster's filings in this Court. During the hearing on Foster's petition, the trial court explained that because this Court denied defendant's application for leave to appeal based on "no merit and grounds," and because the trial court presided in a "poor county," the court could not afford to pay for appellate attorney fees when attorneys "file stuff that doesn't have a basis of merit to it." Foster asked the trial court if it was policy that anytime this Court denies an appeal "for lack of merit on a guilty plea case," the trial court would not pay fees for the work incurred by a court-appointed appellate attorney, to which the trial court replied, "That's correct." Foster then filed this appeal.

Foster argues that the trial court abused its discretion when it denied Foster's request for additional fees and expenses for preparing and filing the delayed application for leave to appeal and the motion for leave to file a motion to correct an invalid sentence because this Court denied the delayed application for leave to appeal for lack for merit in the grounds presented. We agree.

A trial court's determination regarding the reasonableness of compensation for services and expenses of court-appointed attorneys is reviewed for an abuse of discretion. *In re Attorney Fees of Mullkoff*, 176 Mich App 82, 85; 438 NW2d 878 (1989). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Lyon*, 310 Mich App 515, 517; 872 NW2d 245 (2015).

"[T]he Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals." *Halbert v Michigan*, 545 US 605, 610; 125 S Ct 2582; 162 L Ed 2d 552 (2005). "At common law" the burden of providing a defense to indigent defendants was a burden that "was borne by members of the bar as part of the obligations assumed upon admission to practice law." *In re Recorder's Court Bar Ass'n*, 443 Mich 110, 121; 503 NW2d 885 (1993). However, in *Recorder's Court Bar Ass'n*, our Supreme Court, while noting that the validity and accuracy of this common-law rule was not without challenge, recognized that MCL 775.16 provided a statutory right to reasonable compensation for those attorneys appointed to represent indigent defendants. *Id.* at 122-123. Our Supreme Court held that while "what constitutes reasonable compensation may necessarily vary among circuits," "the Legislature clearly intended an

individualized determination of reasonable compensation." *Id.* at 129-130. On this basis, our Supreme Court determined that the Wayne Circuit Court's "fixed-fee system" failed "to provide assigned counsel reasonable compensation within the meaning of" the statute. *Id.* at 131.[1]

We conclude that the trial court's policy of not paying counsel for time spent in preparing a delayed application for leave to appeal or for preparing motions filed with this Court when this Court ultimately denies leave to appeal "for lack of merit in the grounds presented" or denies relief on the motions constituted an abuse of discretion. This policy clearly provides that a court-appointed appellate attorney's fee would be contingent on the outcome of the matter for which the service was rendered. Our Supreme Court in *Recorder's Court Bar Ass'n* recognized that the reasonable compensation determination will necessarily take into account local considerations, including the population of the county and the county's financial means, and the meaning of "reasonable compensation" may vary among circuit courts. *Recorder's Court Bar Ass'n*, 443 Mich at 129. However, the Court did not state that the trial court may award compensation contingent on the outcome at the appellate level. Indeed, attorneys are not allowed to enter into contingency fee arrangements in criminal matters under the Michigan Rules of Professional Conduct. MRPC 1.5(d). Therefore, no attorney in the state of Michigan could agree to be a court-appointed attorney in the Iosco Circuit Court under that court's current policy because to do so would require entering into a contingency fee arrangement in violation of the attorney's professional responsibilities. Accordingly, the trial court's policy was unreasonable and constituted an abuse of discretion.

Additionally, the trial court misunderstood the language from this Court's order denying defendant's delayed application for leave to appeal. The United States Supreme Court, in holding that Michigan is required to provide appointed counsel for defendants convicted by plea who are seeking access to first-tier appellate review, stated that when this Court "denies leave using the stock phrase 'for lack of merit in the grounds presented,' its disposition may not be equivalent to a 'final decision' on the merits, *i.e.*, the disposition may simply signal that the court found the matters asserted unworthy of the expenditure of further judicial resources." *Halbert*, 545 US at 610. This Court's decision denying defendant's application for leave to appeal was not necessarily a final decision on the merits, but may simply have been a statement that the matters asserted were not worthy of further expenditure of judicial resources. In fact, because one of the issues raised by Foster in the delayed application for leave to appeal concerned the constitutionality of Michigan's sentencing guidelines, the Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), confirmed that at least one issue raised by

---

[1] We note that MCL 775.16 was recently amended and no longer explicitly provides that an attorney appointed to represent an indigent defendant is entitled to reasonable compensation. See MCL 775.16. However, no party on appeal contends that Foster is not entitled to reasonable compensation. Instead, Foster contends that the trial court improperly determined his compensation. Furthermore, the Michigan Supreme Court recently referred to the reasonable compensation requirement in an order entered after MCL 775.16 was amended, which indicates that the requirement still exists. See *In re Ujlaky*, 498 Mich 890 (2015). Regardless, because the issue is not before this Court, we decline to address the issue.

Foster had a great deal of merit. After filing a pro se application for leave to appeal to the Michigan Supreme Court upon this Court's denial of defendant's delayed application, defendant received some level of favorable relief from our Supreme Court in its order remanding defendant's case to the trial court for a determination whether it would have imposed a materially different sentence under *Lockridge*. See *People v Boudrie*, 499 Mich 851 (2016). Therefore, notwithstanding the impermissible and unreasonable nature of the trial court's decision in denying appointed counsel fees and expenses when this Court determined the arguments were without merit, at least one of the arguments made by Foster in this particular case was determined to have some level of merit by our Supreme Court.

For the reasons discussed above, Foster was entitled to reasonable attorney fees and expense reimbursement for preparing defendant's delayed application for leave to appeal and for preparing his motion for leave to file a motion to correct an invalid sentence. The trial court's policy of not paying for work done on behalf of a defendant when this Court denies an application for lack of merit in the grounds presented was unreasonable and an abuse of discretion.[2] Accordingly, remand is necessary in order for the trial court to determine the compensation owed to Foster by conducting an individualized determination of reasonable compensation that is not contingent on the outcome of the appeal in this Court.

We further conclude that remand to a different trial judge is warranted based on the trial judge's statement that it was his personal policy to deny attorney fees anytime this Court denies leave for lack of merit in a guilty-plea case. In determining whether to remand the case to a different trial judge, this Court considers

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. [*People v Hill*, 221 Mich App 391, 398; 561 NW2d 862 (1997) (citations and quotation marks omitted).]

See also *Bayati v Bayati*, 264 Mich App 595, 602-603; 691 NW2d 812 (2004) ("We may remand to a different judge if the original judge would have difficulty in putting aside previously expressed views or findings, if reassignment is advisable to preserve the appearance of justice, and if reassignment will not entail excessive waste or duplication.").

During the hearing on Foster's motion for attorney fees, Foster asked the trial court whether the trial court's decision represented an Iosco Circuit Court policy, or simply represented the trial judge's policy. The judge responded, "That's my policy. I don't know if there is an official one in the circuit. I'm the only Circuit Judge here right now, so . . . ." The

---

[2] In light of our resolution of the issue, we decline to address intervening appellant's constitutional arguments presented in its brief on appeal.

judge further explained, "[W]e've got a poor county here and we can't be – afford to pay attorneys to file stuff that doesn't have a basis of merit to it." The judge's comments make clear that the refusal to grant fees and expenses when this Court denies leave to appeal for lack of merit in the grounds presented constituted his personal policy. Therefore, we conclude that the trial judge would reasonably be expected to have substantial difficulty in putting out of his mind his previously-expressed views regarding the proper resolution of the compensation issues. We further conclude that reassignment is advisable to preserve the appearance of justice in this case. Although the judge was able to consider the financial means of the county in rendering his decision, the judge improperly based his decision on his personal policy that Foster was not entitled to compensation for the work he performed on the delayed application and motion because this Court denied leave to appeal. In addition, we do not believe that reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness considering the trial judge's personal stance on this issue. Accordingly, we remand the case to a different trial judge to determine the reasonable compensation owed to Foster. See *Hill*, 221 Mich App at 398.

Reversed and remanded for further proceedings consistent with this opinion. On remand, the case is to be reassigned to a different trial judge. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Colleen A. O'Brien