# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

TREMEL ANDERSON,

        Defendant-Appellee.

UNPUBLISHED
November 29, 2016

No.  327905
Wayne Circuit Court
LC No.  15-001051-01-AR

Before:  SAAD, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] the circuit court order denying the prosecution's motion to reverse the district court order dismissing the charges of assault with intent to commit murder (AWIM), MCL 750.83, carrying a concealed weapon, MCL 750.227, felonious assault, MCL 750.82, and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b.  We affirm.

This case arises from an argument between defendant and the victim, Michael Larkins, on December 24, 2014, at approximately 11:30 p.m.  Larkins testified during the preliminary examination that defendant was driving him home via the Lodge Freeway when the argument began.  According to Larkins, defendant became upset with him because he did not purchase a swing for their infant son, and defendant expressed anger regarding Larkins's ex-girlfriend. Defendant pulled a gun from between her thighs and told Larkins that she was going to kill him. Defendant eventually exited the freeway and pulled over.  The two continued to argue while defendant pointed the gun at Larkins.  Larkins had in his possession a spare set of keys to defendant's car, which defendant demanded.  Larkins attempted to negotiate a trade of the keys for Christmas gifts that were in defendant's car.  Larkins told defendant that he would give her the keys if she took him home and removed the Christmas gifts from her car.  Defendant called 911.  Larkins testified that defendant called the police in order to create a diversion.  According to Larkins, he yelled for help while defendant was on the phone with the police.  Defendant then attempted to fire a gunshot in Larkins's direction, but the gun did not discharge.  Larkins fled

---

[1] See *People v Anderson,* unpublished order of the Court of Appeals, entered December 22, 2015 (Docket No. 327905).

defendant's car and began running away. He heard defendant fire at least three more gunshots in his direction. Larkins was not hit with any of the bullets. Defendant eventually left the scene of the incident, and Larkins called the police from a neighbor's telephone.

Larkins was the only witness to testify during the preliminary examination, and the prosecution did not present any additional evidence. The district court refused to bind over defendant for trial, explaining that it did not find Larkins credible. The district court reasoned that Larkins's preoccupation with the Christmas gifts for his family indicated that defendant did not point a handgun at him and threaten to kill him, and Larkins's testimony was "all over the place everywhere." The court further explained that the prosecution did not present any additional evidence to corroborate Larkins's story. Accordingly, the district court dismissed the case for insufficient evidence. The prosecution appealed to the circuit court, which treated the claim of appeal as a motion and denied it without explanation.

The prosecution argues that the district court abused its discretion in failing to bind over defendant for trial. We disagree.

"A district court's bindover decision that is contingent on the factual sufficiency of the evidence is reviewed for an abuse of discretion." *People v Norwood*, 303 Mich App 466, 468; 843 NW2d 775 (2013). A court "abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Lyon*, 310 Mich App 515, 517; 872 NW2d 245 (2015). " 'The standard for reviewing a decision for an abuse of discretion is narrow; the result must have been so violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or an exercise of passion or bias.' " *People v Hudson*, 241 Mich App 268, 276; 615 NW2d 784 (2000) (citation omitted). " 'A trial court necessarily abuses its discretion when it makes an error of law.' " *Lyon*, 310 Mich App at 517 (citation omitted). "This Court reviews de novo the bindover decision to determine whether the district court abused its discretion, giving no deference to the circuit court's decision." *People v Redden*, 290 Mich App 65, 83; 799 NW2d 184 (2010).

In order for the district court to bind over a defendant to the circuit court, the district court must find probable cause that the defendant committed a felony. *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016). " 'The purpose of a preliminary examination is to determine whether there is probable cause to believe that a crime was committed and whether there is probable cause to believe that the defendant committed it.' " *People v Cohen*, 294 Mich App 70, 74; 816 NW2d 474 (2011) (citations omitted). "Probable cause is established by evidence 'sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt.' " *Redden*, 290 Mich App at 83-84 (citation omitted). "This standard requires 'evidence of each element of the crime charged or evidence from which the elements may be inferred.' " *Seewald*, 499 Mich at 116 (citation omitted). The prosecution does not need to prove each element of the crime beyond a reasonable doubt during the preliminary examination, but the prosecution must present *some* evidence on each element of each charged crime. *Redden*, 290 Mich App at 84. The district court must consider the weight and competency of the evidence, as well as the credibility of the witnesses, during the preliminary examination. *Id*. However, "[i]f the evidence conflicts or raises a reasonable doubt concerning the defendant's guilt, the defendant should nevertheless be bound over for trial, at which the trier of fact can resolve the question." *Id*. In *People v Yost*, 468 Mich 122, 127-128;

659 NW2d 604 (2003), our state's Supreme Court reiterated that the district court has the authority to consider the credibility of witnesses, but may not refuse to bind over a defendant for trial if the evidence is conflicting or raises a reasonable doubt regarding the defendant's guilt.

We first note that the circuit court failed to follow proper procedures when it dismissed the appeal without explanation. MCR 7.103(A)(1) provides that the circuit court has jurisdiction over an appeal as of right filed by an aggrieved party from a final judgment or order of the district court. The appeal as of right was properly filed within 21 days after entry of the order. See MCR 7.104(A)(1) (noting that an appeal of right must be filed within "21 days or the time allowed by statute after entry of the judgment, order, or decision appealed"). Therefore, the appeal was an appeal as of right, and the circuit court did not have discretion to deny leave to appeal. MCR 7.114(B) provides, "The circuit court shall decide the appeal by oral or written opinion and issue an order. The court's order is its judgment." In this case, the circuit court did not issue an oral or written opinion, and instead dismissed the appeal without explanation. In fact, the circuit court treated the prosecution's appeal as a motion to reverse the district court's dismissal order and dismissed the appeal as if it were a motion. In spite of the circuit court's failure to properly address the claim of appeal, we decide the underlying issue because we review de novo a bindover decision and give no deference to the circuit court's decision. *See Redden*, 290 Mich App at 83.

The district court did not abuse its discretion in refusing to bind defendant over to the circuit court because it was within the district court's discretion to determine the credibility of the prosecution's witness. The parties do not dispute that Larkins's testimony, if believed, provided evidence of each element of the charged crimes or evidence from which the elements may be inferred. See *Seewald*, 499 Mich at 116. However, the court explained that Larkins was not a credible witness because he testified that he was preoccupied with the Christmas gifts in defendant's car. The court reasoned that the fact that Larkins was concerned about the Christmas gifts made his testimony that defendant threatened him and pointed a gun at him unbelievable. The court further explained that Larkins's testimony was "all over the place everywhere." Larkins testified regarding several irrelevant topics, and the district court often had to direct Larkins to stay on point. We conclude that it was within the district court's discretion to hear Larkins's testimony and determine that he was not credible. See *Yost*, 468 Mich at 127-128; *Redden*, 290 Mich App at 84. The court provided several reasons for its decision, which were based on the content of Larkins's testimony. Therefore, the court's decision that Larkins's testimony was incredible was not so violative of fact and logic that it demonstrated a perversity of will, a defiance of judgment, or an exercise of passion or bias. See *Hudson*, 241 Mich App at 276.[2]

---

[2] We note that the legal standard requires this Court to defer to the district court's credibility determination. The dissent would substitute its judgment on appeal for that of the district court, which is contrary to the legal standard articulated above. If we were to conclude otherwise, every credibility finding would be subject to review.

Furthermore, the district court did not abuse its discretion in reasoning that the prosecution failed to present corroborating evidence. The testimony of a single witness may be sufficient to persuade a jury that a defendant is guilty beyond a reasonable doubt. See *People v Jelks*, 33 Mich App 425, 432; 190 NW2d 291 (1971). In this case, the court reasoned that Larkins's story was incredible, and the lack of corroborating evidence, such as a recovered handgun, spent shell casings, a 911 telephone call recording, or other witness testimony, required the district court to dismiss the charges. Thus, the district court did not conclude that the prosecution was required to present more than one witness in order to bind over defendant to the circuit court. Instead, the court reasoned that corroborating evidence was necessary in light of its conclusion that Larkins was not credible. Therefore, the district court's conclusion did not constitute an abuse of discretion.

In addition, the prosecution's argument that the district court should apply the standard used by a circuit court in deciding a motion for a directed verdict is without merit. As discussed, caselaw from this Court and the Michigan Supreme Court outlines the proper legal standards regarding the district court's probable cause determination. See, e.g., *Yost*, 468 Mich at 127-128; *Redden*, 290 Mich App at 84. We are bound to follow decisions of our state's Supreme Court, as well as published cases of this Court. See MCR 7.215(J)(1) (noting that this Court must follow a legal rule established in a prior published decision of this Court issued on or after November 1, 1990, that was not reversed or modified by a special panel of this Court or our state's Supreme Court); *People v Tierney*, 266 Mich App 687, 713; 703 NW2d 204 (2005) ("As long as case law established by our Supreme Court remains valid, 'this Court and all lower courts are bound by that authority.' ") (citation omitted). Accordingly, the prosecution's argument that the directed verdict standard should apply in this context is without merit.

Affirmed.

/s/ Kathleen Jansen
/s/ Michael J. Kelly

-4-