# STATE OF MICHIGAN

# COURT OF APPEALS

ALAN BUGAI and JUDITH BUGAI,

       Plaintiffs-Appellees,

v

WARD LAKE ENERGY,

       Defendant-Appellant.

UNPUBLISHED
April 11, 2017

No.  331551
Otsego Circuit Court
LC No.  15-015723-NI

Before:  BORRELLO, P.J., and WILDER and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by leave granted a January 27, 2016, trial court order denying its motion for summary disposition.  For the reasons set forth in this opinion, we reverse and remand for entry of an order of summary disposition in favor of defendant.

## I.  FACTS

Plaintiff[1] alleged that on February 1, 2014 he, along with friends and family members, were snowmobiling on DNR snowmobile trail #4 when they came across an unmarked plowed access road owned by defendant leading to one of defendant's wells.  Plaintiff asserted that he was ejected from his snowmobile when he crossed the unmarked, plowed access road and struck the opposite snowbank.  He alleged numerous injuries.  The complaint asserted that the plowed road was not visible and that defendant breached a duty owed to snowmobilers by failing to keep the premises in a reasonably safe condition or warn snowmobilers of the danger posed by the plowed road bisecting the snowmobile trail.

Defendant moved for summary disposition under MCR 2.116(C)(8) and MCR 2.116(C)(10).  Defendant asserted that plaintiff's claim was barred under the Natural Resources and Environmental Protection Act (NREPA), MCL 324.101 *et seq.*, and the Recreational Land Use Act (RUA), MCL 324.73301.  Defendant asserted that under NREPA, each person that uses a snowmobile accepts the risks associated with that activity insofar as the dangers are obvious

---

[1] We refer to "plaintiff" in the singular to refer to Alan Bugai.  His wife, Judith Bugai, is also a plaintiff because she asserted a derivative claim.

and inherent. According to defendant, NREPA barred plaintiff's claim because plaintiff's injuries were caused by the normal risks associated with snowmobiling. Defendant alleged that plaintiff drove his snowmobile too fast, the accident occurred off the groomed portion of the trail, defendant and its agents did not interfere with the trail, and the police report demonstrated that the accident did not occur near an access road.

With respect to the RUA, defendant asserted that the RUA, MCL 324.73301, provided that defendant could not be liable to non-paying recreational users of its land absent a showing of gross negligence or willful and wanton misconduct. Defendant argued that plaintiff was operating his snowmobile on its land without paying consideration at the time of the injury. Accordingly, defendant argued, it could only be liable for gross negligence or willful and wanton misconduct under the RUA. Defendant argued that plaintiff did not allege and could not prove gross negligence or willful and wanton misconduct and his claim was therefore barred.

Plaintiff responded by asserting that the substance of defendant's argument implicated MCR 2.116(C)(10) and that there were issues of material fact for the trier of fact to resolve. Plaintiff provided deposition testimony to controvert defendant's assertions that plaintiff was driving too fast and that the crash did not happen at the intersection of the access road and snowmobile trail. According to plaintiff, NREPA did not bar his claim because the risk created by the plowed access road was neither obvious nor inherent in snowmobiling since it was not visible from the trail and was an unnatural condition created by defendant. Further, plaintiff asserted that deposition testimony demonstrated that defendant knew that snowmobilers travelled along the trail and that plowing the access road bisecting the trail could create a hazard.

At a hearing, the trial court held that NREPA did not bar plaintiff's suit because the danger—the drop-off from the snowmobile trail to the plowed road—was man-made instead of natural and therefore the defect in the land did not fall within the ambit of NREPA. The court also agreed that the RUA did not bar plaintiff's suit because the court reasoned that the RUA only applied to land in its natural state. The court cited *Cypret v Lea*, 173 Mich App 222, 229; 433 NW2d 413 (1988), wherein this Court held that the RUA did not bar a suit arising from land that was no longer in its natural state because a gravel mining operation had created steep banks on the land. According to the court, the plowed road and its resultant snowbanks were analogous to the steep banks in *Cypret*, and the RUA therefore did not apply.

The court entered a written order on January 27, 2016 denying defendant's motion for summary disposition. This Court then granted defendant's motion for immediate consideration, stayed the proceedings in the lower court, and granted defendant's application for leave to appeal. *Bugai v Ward Lake Energy*, unpublished order of the Court of Appeals, entered June 23, 2016 (Docket No. 331551).

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Oliver v Smith (After Remand)*, 290 Mich App 678, 683; 810 NW2d 57 (2010). The court considered evidence outside of the pleadings, therefore, we construe the motion as having been decided under MCR 2.116(C)(10). *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270-271; 826 NW2d 519 (2012). "In reviewing a motion brought under MCR 2.116(C)(10), we review

-2-

the evidence submitted by the parties in a light most favorable to the nonmoving party to determine whether there is a genuine issue regarding any material fact." *Id*. Issues involving statutory construction are question of law that we review de novo. *Id*. at 271.

## III. ANALYSIS

The RUA provides in pertinent part:

(1) Except as otherwise provided in this section, a cause of action shall not arise for injuries to a person who is on the land of another without paying to the owner, tenant, or lessee of the land a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use or trail use, with or without permission, against the owner, tenant, or lessee of the land unless the injuries were caused by the gross negligence or willful and wanton misconduct of the owner, tenant, or lessee.

(2) A cause of action shall not arise for injuries to a person who is on the land of another without paying to the owner, tenant, or lessee of the land a valuable consideration for the purpose of entering or exiting from or using a Michigan trailway as designated under part 721 or other public trail, with or without permission, against the owner, tenant, or lessee of the land unless the injuries were caused by the gross negligence or willful and wanton misconduct of the owner, tenant, or lessee. For purposes of this subsection, a Michigan trailway or public trail may be located on land of any size including, but not limited to, urban, suburban, subdivided, and rural land.

In the instant case the court held that the RUA did not apply to plaintiff's suit because the RUA only applied to land in a relatively natural state. The court relied on *Cypret*, 173 Mich App at 229, which held that the RUA did not bar a suit arising from land that was no longer in its natural state because a gravel mining operation had created steep banks on the land. According to the trial court, the plowed road and its resultant snowbanks were analogous to the steep banks in *Cypret*, and the RUA therefore did not apply.

The trial court erred by relying on *Cypret* to conclude that the RUA did not apply. While not recognized by the parties, *Cypret* is no longer good law because the case it relied upon, *Wymer v Holmes*, 429 Mich 66; 412 NW2d 213 (1987), was overruled by *Neal v Wilkes*, 470 Mich 661; 685 NW2d 648 (2004). In *Neal*, the Court summarized the plain meaning of the RUA, stating, "an owner is not liable to a nonpaying outdoor recreational user of his land, unless the user's injuries are caused by the owner's gross negligence or willful and wanton misconduct." *Neal*, 470 Mich at 688. The Court explained that the *Wymer* Court erroneously ignored the plain language of the RUA when it concluded that the statute applied only to large tracts of undeveloped land and that urban, suburban, and subdivided land was not covered by the statute. *Id*. at 655. The Court explained that the plain language of the RUA limited its application to specified recreational activities performed on the land but did not limit its application to any particular type of land. *Id*. at 668. Given our Supreme Court's holding in *Neal*, *Cypret*'s focus on the land's natural state is no longer a proper inquiry to determine the

-3-

applicability of the RUA. Thus, the trial court erred by relying on *Cypret* to conclude that the snowbanks or drop-off was an unnatural condition on the land precluding application of the RUA.

Plaintiff contends that he did pay valuable consideration to use the land such that the RUA does not apply. Plaintiff argues that he paid a snowmobile license fee to the State of Michigan, and that the Michigan DNR provides grant money to local organizations to maintain and groom trails. He further asserts that the Gaylord Area Snowmobile Trails Council, Inc. leases land for the right to place trails on the land of others. However, the valuable consideration required by the RUA "must be in the form of a specific fee for the use of a particular recreational area in question." *Syrowik v Detroit*, 119 Mich App 343, 347; 326 NW2d 507 (1982). Here, plaintiff did not pay defendant a specific fee for use of defendant's land for snowmobiling and the statute applies in this case.

Applying the plain language of the statute indicates that plaintiff's ordinary negligence claim was barred by the RUA. In the instant case, plaintiff used defendant's land for recreational use when he was snowmobiling, which is an enumerated recreational activity under the RUA, and plaintiff did not pay defendant valuable consideration for that use. Thus, under MCL 324.73301, to recover, plaintiff was required to demonstrate that his injuries were caused by the gross negligence or willful and wanton misconduct of defendant. MCL 324.73301(1)-(2). Plaintiff failed to allege facts that would allow a rational trier of fact to conclude that defendant engaged in gross negligence or willful and wanton misconduct.

Willful and wanton misconduct arises from

(1) Knowledge that a situation requires the exercise of ordinary care and diligence to avert another's injury; (2) a defendant's ability to avoid the injury by exercising such care and diligence; and (3) intent to harm or indifference to harm tantamount to a willingness that it occur. The first and second elements amount to no more than ordinary negligence. It is the third element which raises the act to the level of willful and wanton misconduct. [*Montgomery v Dep't of Natural Resources*, 172 Mich App 718, 721; 432 NW2d 414 (1988) (citations omitted).]

Plaintiff did not allege facts or cite evidence to support a claim of willful and wanton misconduct. There was no evidence that defendant had any intent to cause harm or that defendant had extreme indifference tantamount to a desire to cause harm. Instead, the evidence showed that defendant plowed its access road. Plaintiff cannot show that defendant's plowing of the road amounted to an intent to harm or indifference to harm "tantamount to a willingness that it occur." *Id*.

Similarly, plaintiff did not allege facts or cite evidence to support a claim of gross negligence, which is defined as conduct that is so reckless that it demonstrates a substantial lack of concern for whether an injury results. *Xu v Gay*, 257 Mich App 263, 269; 668 NW2d 166 (2003). The gross negligence standard suggests "almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks. It is as though, if an objective observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge." *Tarlea v Crabtree*, 263 Mich App

80, 90; 687 NW2d 333 (2004). Evidence of ordinary negligence does not create a question of fact concerning gross negligence; rather, the plaintiff must adduce proof of conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. *Maiden v Rozwood*, 461 Mich 109, 122-123; 597 NW2d 817 (1999).

Here, the evidence in the instant case did not create a question of fact regarding whether defendant's conduct amounted to gross negligence. Defendant contracted with non-party Gaylord Crane, Inc. to plow access roads to defendant's well sites. Defendant's production supervisor asserted that the plows only plowed up to snowmobile trails, crossed them without plowing, and reengaged the plow after crossing the trail. Ronald Sides, owner of Gaylord Crane, asserted that when plowing the road he would "go up and over" the snowmobile trail and reengage the plow on the other side. Even if we were to assume that the snowplow plowed across the snowmobile trail rather than skipping over it, a reasonable juror could not conclude that this was conduct "so reckless that it demonstrates a substantial lack of concern for whether an injury results." *Xu*, 257 Mich App at 269. Indeed, an objective observer watching the plow would not conclude that the driver "simply did not care about the safety or welfare" of those using the snowmobile trail. *Tarlea*, 263 Mich App at 90.

In sum, plaintiff's ordinary negligence claim was barred by the RUA because he was engaged in an enumerated recreational use of defendant's land when he was injured. Plaintiff's only cause of action sounded in gross negligence or willful and wanton misconduct. Because there was no genuine issue of material fact to support either of these claims, defendant was entitled to summary disposition pursuant to MCR 2.116(C)(10).[2]

Reversed and remanded for entry of an order of summary disposition in favor of defendant. No costs awarded. MCR 7.219(A). We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Kurtis T. Wilder
/s/ Brock A. Swartzle

---

[2] Given our resolution of this issue, we decline to address the issue of whether plaintiff's claim was barred under MCL 324.82126(8), a subsection of the Natural Resources and Environmental Protection Act (NREPA).